IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRI INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 13-1534 (SLR) |
| ) | |
| CISCO SYSTEMS, INC., ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |

### CISCO SYSTEMS, INC.'S ANSWER TO COMPLAINT AND COUNTERCLAIMS

Defendant Cisco Systems, Inc. ("Cisco") answers Plaintiff SRI International, Inc.'s ("SRI") Complaint ("Complaint") as follows:

### THE PARTIES

1. Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 1 and on that basis denies all such allegations.

2. Cisco admits the allegations in Complaint paragraph 2.

### JURISDICTION AND VENUE

3. Cisco admits that SRI purports to bring an action for patent infringement. Cisco states that the remaining allegations in Complaint paragraph 3 contain legal conclusions that require no answer.

4. Cisco admits that it has conducted and solicited business within the State and District of Delaware. Cisco admits that it has brought suit in the District of Delaware, including Civil Action Nos. 11-86, 11-425, 10-687, 07-113 and 07-671. Cisco states that the remaining allegations in Complaint paragraph 4 contain legal conclusions that require no answer.

To the extent an answer is required, Cisco admits that it is subject to personal jurisdiction in this particular action.

    5.    Cisco states that the allegations in Complaint paragraph 5 contain legal conclusions that require no answer.  To the extent an answer is required, Cisco admits that venue for this action is proper in this Court.

## GENERAL ALLEGATIONS

    6.    Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 6 and on that basis denies all such allegations.

    7.    Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 7 and on that basis denies all such allegations.

    8.    Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 8 and on that basis denies all such allegations.

    9.    Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 9 and on that basis denies all such allegations.

    10.    Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 10 and on that basis denies all such allegations.

    11.    Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 11 and on that basis denies all such allegations.

    12.    Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 12 and on that basis denies all such allegations.

    13.    Cisco lacks knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 13 and on that basis denies all such allegations.

14. Cisco admits that it provides intrusion prevention and intrusion detection products and services. Cisco admits that Cisco provides products and services including Cisco ASA 5500-X Series IPS Solution; Cisco IPS 4500 Series Sensor; Cisco IPS 4300 Series Sensor; Cisco IPS 4200 Series Sensor; Cisco IOS Intrusion Prevention System (IPS); Cisco ASA 5500 Series Content Security and Control Security Services Module (CSC-SSM); Cisco Adaptive Security Appliance Advanced Inspection and Prevention Security Services Module (ASA AIP-SSM); Cisco Catalyst 6500 Series Intrusion Detection System (ISDM-2) Module; Cisco Intrusion Prevention System Advanced Integration Module (IPS AIM) and Network Module (IPS NME) for Cisco Integrated Services Routers; Cisco IPS Manager Express; Cisco Security Manager; Cisco Monitoring, Analysis and Response System (MARS); Cisco Remote Management Services; and Cisco Services for IPS in the United States. Cisco admits that it sells certain products and services directly to customers online through its website. Cisco admits that it sells products and services through partner resellers located within the District of Delaware. Cisco admits that customer case studies for customers using intrusion prevention and intrusion detection products and services appear on its website. Cisco denies the remaining allegation of Complaint paragraph 14.

15. Cisco denies the allegations in Complaint paragraph 15.

16. Cisco admits that on July 23, 2013, it issued a press release that announced "a definitive agreement to acquire Sourcefire" for an "aggregate purchase price of approximately $2.7 billion." Cisco admits that the July 23, 2013 press release stated that the acquisition was "expected to close during the second half of calendar year 2013." Cisco admits that the July 23, 2013 press release stated "Sourcefire delivers innovative, highly automated security through continuous awareness, threat detection and protection across its industry-leading

portfolio, including next-generation intrusion prevention systems, next-generation firewalls, and advanced malware protection." Cisco denies the remaining allegation of Complaint paragraph 16.

### FIRST CAUSE OF ACTION

17.     Cisco incorporates by reference its responses to Complaint paragraphs 1-16 as if fully set forth herein.

18.     Cisco admits that, on its face, Exhibit A indicates that United States Patent No. 6,711,615 ("the '615 patent") was assigned to SRI International, was issued on March 23, 2004, and is entitled "Network Surveillance." Cisco admits that, on its face, Exhibit B indicates that a certificate of reexamination for the '615 patent was issued on January 18, 2011. Cisco denies that the '615 patent was duly and legally issued. Cisco lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments of Complaint paragraph 18 and therefore denies them.

19.     Cisco admits that SRI sent a letter to Cisco with a date of May 8, 2012 that referenced the '615 patent.  Cisco denies the remaining allegation of Complaint paragraph 19.

20.     Cisco denies the allegations of Complaint paragraph 20.

21.     Cisco denies the allegations of Complaint paragraph 21.

22.     Cisco denies the allegations of Complaint paragraph 22.

23.     Cisco admits that the U.S. Patent and Trademark Office cited RealSecure and NetRanger prior art during the reexamination proceedings for the '615 patent. Cisco denies the remaining allegations of Complaint paragraph 23.

## SECOND CAUSE OF ACTION

24. Cisco incorporates by reference its responses to Complaint paragraphs 1-23 as if fully set forth herein.

25. Cisco admits that, on its face, Exhibit C indicates that United States Patent No. 6,484,203 ("the '203 patent") was assigned to SRI International, was issued on November 19, 2004, and is entitled "Hierarchical Event Monitoring and Analysis." Cisco admits that, on its face, Exhibit D indicates that a certificate of reexamination for the '203 patent was issued on January 11, 2011. Cisco denies that the '203 patent was duly and legally issued. Cisco lacks knowledge or information sufficient to form a belief about the truth of the remaining averments of Complaint paragraph 25 and therefore denies them.

26. Cisco admits that SRI sent a letter to Cisco with a date of May 8, 2012 that referenced the '203 patent. Cisco denies the remaining allegation of Complaint paragraph 26.

27. Cisco denies the allegations of Complaint paragraph 27.

28. Cisco denies the allegations of Complaint paragraph 28.

29. Cisco denies the allegations of Complaint paragraph 29.

30. Cisco admits that the U.S. Patent and Trademark Office cited RealSecure and NetRanger prior art during the reexamination proceedings for the '203 patent. Cisco denies the remaining allegations of Complaint paragraph 30.

## PRAYER FOR RELIEF

31. Cisco denies that SRI is entitled to any of the relief requested in its Prayer for Relief against Cisco.

## GENERAL DENIAL

32. Cisco further denies each and every allegation contained in the Complaint to which Cisco has not specifically admitted, denied, or otherwise responded to herein.

## CISCO'S DEFENSES

### First Defense - Patent Invalidity

33. The claims of the Patents-in-Suit are invalid for failure to comply with the requirements of Title 35, United States Code, including at least §§ 101, 102, 103 and/or 112, and under the doctrine of double patenting.

### Second Defense – Non-Infringement

34. Defendant Cisco has not infringed and does not infringe, directly or by inducement, any valid and enforceable claim of the Patents-in-Suit.

### Third Defense – Statute of Limitations

35. SRI's claim for damages is limited by 35 U.S.C. § 286.

### Fourth Defense -- Marking

36. SRI is barred in whole or in part from recovering damages under 35 U.S.C. § 287(a).

### Fifth Defense – Government Sales

37. SRI's claims for relief and prayer for damages are limited by 28 U.S.C. § 1498(a).

### Sixth Defense – Equitable Doctrines

38. On information and belief, some or all of SRI's claims are barred by one or more of the equitable doctrines of waiver, acquiescence, laches, estoppel (including without limitation equitable estoppel and prosecution history estoppel), and/or unclean hands.

### Seventh Defense – No Irreparable Harm

39. SRI is not entitled to any form of injunctive relief at least because SRI has not suffered and will not suffer irreparable harm due to Cisco's conduct, and has an adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Cisco seeks the following relief:

A. The judgment be entered in its favor;

B. That SRI take nothing by its Complaint and that SRI's Complaint be dismissed with prejudice;

C. That pursuant to 35 U.S.C. § 285, SRI's conduct in commencing and pursuing this action be found to render this an exceptional case and that Cisco be awarded attorneys' fees in connection with this action; and

D. That Cisco be granted such other and additional relief as this Court deems just and proper.

## CISCO'S COUNTERCLAIMS

Cisco pleads the following Counterclaims and makes the following allegations against SRI. Cisco reserves the right to amend these Counterclaims or to add additional Counterclaims as additional information becomes available and/or is discovered.

## THE PARTIES

1. Cisco Systems, Inc. ("Cisco") is incorporated under the laws of California, with its principal place of business at 170 West Tasman Drive, San Jose, California, 95134.

2. Based on assertions by it, SRI International, Inc. ("SRI") is incorporated under the laws of California, with its principal place of business at 333 Ravenswood Avenue, Menlo Park, California, 94025.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331, 1338, 2201, 2202.

4. SRI is subject to the personal jurisdiction of this Court for at least the reason that, in filing its Complaint, SRI has submitted to the personal jurisdiction of this Court.

5. To the extent that venue is proper for SRI's claim, venue is also proper for these Counterclaims under 28 U.S.C. §§ 1391(b) and 1391(c). SRI has consented to venue in this district by bringing this action.

## PATENTS-IN-SUIT

6. U.S. Patent No. 6,484,203 ("the '203 patent") is entitled "Hierarchical Event Monitoring And Analysis" and bears an issuance date of November 19, 2002.

7. U.S. Patent No. 6,711,615 ("the '615 patent") is entitled "Network Surveillance" and bears an issuance date of March 23, 2004.

### COUNT I - DECLARATION OF NONINFRINGEMENT OF
### U.S. PATENT NO. 6,484,203

8. Cisco repeats and realleges the allegations in ¶¶ 1-7 of its Counterclaims as though fully set forth herein.

9. Cisco has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '203 patent, either literally or under the doctrine of equivalents.

10. As a result of at least the allegations contained in SRI's Complaint (*e.g.,* at ¶¶ 24-30), there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

11. A judicial declaration is necessary and appropriate so that Cisco may ascertain its rights regarding the '203 patent.

### COUNT II - DECLARATION OF INVALIDITY OF
### U.S. PATENT NO. 6,484,203

12. Cisco repeats and realleges the allegations in ¶¶ 1-11 of its Counterclaims as though fully set forth herein.

13. The '203 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 102, 103, and 112.

14. For example, the '203 patent is invalid as anticipated under 35 U.S.C. § 102 because the prior art, such as the NetRanger Director, practices and/or discloses the limitations of the claims of the '203 patent. The NetRanger Director was known in the art by at least 1997.

15. As another example, the '203 patent is invalid as obvious under 35 U.S.C. § 103 because the claims of the '203 patent would have been obvious to one of ordinary skill in

the art in view of the prior art, such as the NetRanger Director, either alone or in combination with other prior art.

16. The '203 patent is invalid under 35 U.S.C. § 112 because the specification does not contain sufficient written description support for the claims as applied by SRI.

17. As a result of at least the allegations contained in SRI's Complaint (*e.g.,* at ¶¶ 24-30), there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

18. A judicial declaration is necessary and appropriate so that Cisco may ascertain its rights regarding the '203 patent.

### COUNT III - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,711,615

19. Cisco repeats and realleges the allegations in ¶¶ 1-18 of its Counterclaims as though fully set forth herein.

20. Cisco has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '615 patent, either literally or under the doctrine of equivalents.

21. As a result of at least the allegations contained in SRI's Complaint (*e.g.,* at ¶¶ 17-23), there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

22. A judicial declaration is necessary and appropriate so that Cisco may ascertain its rights regarding the '615 patent.

## COUNT IV - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,711,615

23. Cisco repeats and realleges the allegations in ¶¶ 1-22 of its Counterclaims as though fully set forth herein.

24. The '615 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 102, 103, and 112.

25. For example, the '615 patent is invalid as anticipated under 35 U.S.C. § 102 because the prior art, such as the NetRanger Director, practices and/or discloses the limitations of the claims of the '615 patent. The NetRanger Director was known in the art by at least 1997.

26. As another example, the '615 patent is invalid as obvious under 35 U.S.C. § 103 because the claims of the '615 patent would have been obvious to one of ordinary skill in the art in view of the prior art, such as the NetRanger Director, either alone or in combination with other prior art.

27. The '615 patent is invalid under 35 U.S.C. § 112 because the specification does not contain sufficient written description support for the claims as applied by SRI.

28. As a result of at least the allegations contained in SRI's Complaint (*e.g.,* at ¶¶ 17-23), there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

29. A judicial declaration is necessary and appropriate so that Cisco may ascertain its rights regarding the '615 patent.

## PRAYER FOR RELIEF

WHEREFORE, Cisco respectfully requests that the Court enter judgment in its favor granting the following relief:

A. A declaration that Cisco has not infringed and does not infringe any valid and enforceable claim of the '203 or the '615 patents;

B. An order barring SRI and its officers, agents, servants, employees, attorneys, and others in active concert or participation with them from asserting infringement or instituting or continuing any legal action for infringement of the '203 or the '615 patents against Cisco or its suppliers, manufacturers, distributors, resellers of its products, customers, or end users of its products;

C. An order declaring that this is an exceptional case and awarding Cisco its costs, expenses, disbursements, and reasonable attorney fees under 35 U.S.C. § 285; and

D. Such other and additional relief as this Court may deem just and proper.

## JURY DEMAND

Cisco hereby demands a trial by jury on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Defendant*

December 18, 2013
7863577.4

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 18, 2013, upon the following in the manner indicated:

| | |
|---|---|
| Thomas L. Halkowski, Esquire<br>FISH & RICHARDSON P.C.<br>222 Delaware Avenue, 17th Floor<br>Wilmington, DE 19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| David M. Hoffman Esquire<br>FISH & RICHARDSON P.C.<br>111 Congress Avenue, Suite 810<br>Austin, TX 78701<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Phillip Goter, Esquire<br>FISH & RICHARDSON P.C.<br>3200 RBC Plaza<br>60 South Sixth Street<br>Minneapolis, MN 55402<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Frank Scherkenbach, Esquire<br>FISH & RICHARDSON P.C.<br>225 Franklin Street<br>Boston, MA 02110<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Howard G. Pollack, Esquire<br>FISH & RICHARDSON P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

/s/ *Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)