IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SRI INTERNATIONAL, INC.,

    Plaintiff,

v.

CISCO SYSTEMS, INC.

    Defendant.

C.A. No. 13-1534-SLR-SRF

## [PROPOSED] STIPULATED PROTECTIVE ORDER

The parties to this litigation matter desire to hold confidential and limit the disclosure of certain trade secret or other confidential financial, technical, or commercial information that may be produced during discovery or trial of this action. Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby STIPULATED by and between the parties to the above captioned litigation through their respective counsel, and ORDERED and DECREED that the following Protective Order be entered to give effect to the agreed-upon terms and conditions, as follows:

1.    Definitions:

    1.1.    The terms "Party" or "Parties" mean Cisco Systems, Inc. or SRI International, Inc. The term "Designating Party" means any Party or non-party producing documents or information under this Protective Order. "Receiving Party" means any Party or non-party receiving documents or information under this Protective Order.

1.2.   The term "Confidential Information" means information that a
Designating Party reasonably believes to be of a confidential or
proprietary business or technical nature within the meaning of Fed. R. Civ.
P. 26(c).

1.3.   "Discovery Material" means all information, documents, data, and things
subject to discovery in this Action produced either by a Party or a non-
party in discovery in this Action ("Action" shall include without limitation
this litigation and any adjunct subpoena proceedings incident hereto
before any tribunal) including, without limitation, deposition testimony,
responses to requests for admission, responses to interrogatories,
documents and things produced, information obtained from inspection of
premises or things, and information disclosed pursuant to subpoena under
Fed. R. Civ. P. 45.

1.4.   Discovery Material containing Confidential Information is referred to as
"Material."   "Material" shall not include:

1.4.1.   information that is in the public domain at the time of disclosure;

1.4.2.   information which after disclosure is published to the general
public by a party having the right to publish such information or
becomes part of the public domain through no fault of a party
receiving information under this Protective Order, but only after it
is published or comes into the public domain;

2

1.4.3. information that is lawfully in the possession of a party receiving such information without any confidentiality obligations at the time of disclosure;

1.4.4. information disclosed by a non-party that is not subject to any confidentiality obligations at the time of disclosure;

1.4.5. information that the Receiving Party can show by written record was independently developed by it after the time of disclosure by personnel who did not have access to the Designating Party's Confidential Information; or

1.4.6. information that was submitted to a governmental entity without request for confidential treatment.

1.5. In determining the scope of information that a party may designate as its Material, each party acknowledges the importance of client access to information necessary to client decision-making in the prosecution or defense of litigation, and therefore agrees that designations of information as Material and responses to requests to permit further disclosure of Material shall be made in good faith and not (1) to impose burden or delay on an opposing party or (2) for tactical or other advantage in litigation.

1.6. The Designating Party shall mark each document and thing that it deems to be Materials with the following term: **"Confidential."**

1.7. Materials marked "Restricted Confidential – Outside Counsel Only" satisfy the requirements for being marked "Confidential" and are especially sensitive and could cause significant competitive harm if

3

disclosed to an unauthorized person, including, without limitation, pending but unpublished patent applications, information concerning research, development and other activities related to unreleased products, license agreements and other highly confidential technical, research and development, and financial information. This designation shall be made in good faith. The parties shall mark each such document or thing with the following term: **"Restricted Confidential – Outside Counsel Only".** Other than as stated in this Protective Order, "Restricted Confidential – Outside Counsel Only" Materials shall be treated the same as "Confidential" Materials. Documents and things produced by SRI that were marked as "Highly Confidential - Attorneys' Eyes Only" or "Highly Confidential - Outside Counsel Only" in prior or co-pending litigation shall be deemed to be marked "Restricted Confidential - Outside Counsel Only" for the purposes of this Action.

1.8.    Materials marked "Restricted Confidential – Source Code" contain highly confidential source code or other electronic files used in network operations, comments for source code or network operation files, revision histories, or other material whose wrongful dissemination could result in irreparable harm to the Designating Party that the Designating Party or non-party believes in good faith to be so commercially sensitive or confidential that disclosure to persons other than those authorized poses a risk of impairing the interests of the Designating Party or non-party, and which is to be disclosed or produced to a Party in this action. This

4

designation shall be made in good faith. The parties shall label or mark

each such document or thing with the following term: **"Restricted**

**Confidential - Source Code".**

1.9.    "Document" shall have the broadest meaning permitted by Rule 34(a) of

the Federal Rules of Civil Procedure.

1.10.   The term "In-house Counsel" means an attorney who is an employee of a

Party who is responsible for litigation matters on behalf of that Party and

who is authorized to handle legal matters whether in the United States or

in any other country and who is responsible for supervising this action and

is not directly involved in competitive decision-making.[1]  In-house

Counsel must be approved under the provisions of Paragraph 7.2 of this

order.

1.11.   The term "Outside Counsel" means an attorney retained by a Party to

represent that Party in this litigation matter that is not an employee of the

Party, including both local and trial counsel, including the law firms of

Kirkland & Ellis LLP and Morris, Nichols, Arsht & Tunnel LLP for

Cisco, and Fish & Richardson P.C. for SRI, and who has satisfied the

provisions of Paragraph 9.

---

[1]     The Parties submit this stipulated Proposed Protective Order without waiving their arguments relating to whether and to what extent SRI's in-house counsel involved in decisions relating to licensing technology or intellectual property, such as SRI's General Counsel, may gain access to Cisco's Confidential Information under the terms of this Protective Order. The parties understand that, to the extent they are unable to reach an agreement regarding this issue, they may raise this dispute with the Court at a later time.

2.      This Protective Order will not, in any manner, be disclosed to the jury in the above captioned litigation matter, or used in any manner or form, direct or indirect, as evidence in any trial or any hearing, or referred to in any trial or any hearing on the merits of the case, save and except a hearing which involves issues related to the enforcement of any provision of this Protective Order.

3.      Except as otherwise provided below, Discovery Material designated by the Designating Party as "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code," or any information contained in or derived from any of such Material, shall be subject to the provisions of this Protective Order until further order of the Court.

4.      The following rules shall govern the designation of Material as "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code."

> 4.1.   Material shall be designated as "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code" by placing the legend "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code," where practical, by marking on the face of each document, each separate thing, or each separate item of other information thereof as to which confidentiality is claimed. If not practical to so mark the Material itself, a container for or a tag attached to the Material shall be so marked. The entity designating any information as "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential –

6

Source Code" shall have the duty and responsibility to designate and mark the Material containing that information as such.

4.2.    With respect to Materials produced for inspection by a Designating Party, the Designating Party need not designate the Material by marking it "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code" until the inspecting Party requests copies of the Materials. Unless otherwise designated at the time of inspection, all Materials provided for inspection shall be subject to this Protective Order and shall be treated as though designated "Restricted Confidential – Outside Counsel Only" at the time of the inspection, except that Materials inspected under the provisions of Paragraph 8 herein shall be treated as though designated "Restricted Confidential – Source Code." Thereafter, the Designating Party shall have five business days to review and designate the documents as set forth in paragraph 4.1 above prior to furnishing copies to the Receiving Party.

4.3.    A Designating Party may designate an entire deposition or portion thereof "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code" by denominating those portions of the deposition which are to be considered "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code" by written notification within thirty (30) calendar days of receiving the transcript and so informing all parties of such designation. Until the 30-day period to designate deposition testimony as

7

"Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code" has passed, the deposition transcript shall be treated as "Restricted Confidential – Outside Counsel Only" in its entirety. If the testimony is not otherwise designated during the thirty (30) day period after the deposition, the testimony will be deemed to be "Confidential."

4.4.    A Designating Party may orally designate testimony as "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code" during the course of the deposition, in which case the court reporter shall transcribe the pages so designated in a separate volume marked "Confidential," or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code." Any testimony so designated shall remain designated as such and Paragraph 4.3 shall not apply to the designated testimony.

4.5.    No copy of any transcript of any deposition which is designated, in part or in whole, as "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code" shall be furnished by the court reporter to any person other than to counsel of record and counsel for a non-party, if the furnished transcript is of the non-party's own deposition.

4.6.    Any portion or separately bound volume of a deposition designated as "Confidential" or "Restricted Confidential – Outside Counsel Only" or

8

"Restricted Confidential – Source Code" shall not be filed with the Court, except in accordance with Paragraph 16 of this Order.

4.7. A Designating Party that inadvertently fails to mark or misdesignates any information as "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code" may later give written notice to the Receiving Party that the information is "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code" and should be treated as such in accordance with the provisions of this Order. From the date the Receiving Party receives such notice, it must mark and treat such information as "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code" Material. The Receiving Party's disclosure of such information prior to receipt of such notice to persons not authorized to receive Material shall not be deemed a violation of this Order. However, the Receiving Party must make reasonable efforts to retrieve the Material or to otherwise assure that unauthorized persons to whom disclosure was made properly marked the Material as "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code" and treat it in accordance with the provisions of this Order, but shall have no other responsibility or obligation with respect to the information disseminated.

4.8. As to any Material designated as "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential –

9

> Source Code," the Designating Party shall hereby be deemed to have
> certified that it believes in good faith that good cause exists, within the
> meaning of Rule 26(c) of the Federal Rules of Civil Procedure, for the
> Court to grant a protective order covering such Material.

5.    If any person prints or otherwise creates paper copies of non-paper (e.g., diskettes, magnetic or electronic media) versions of Material from a Designating Party that is designated as "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code," such person shall timely mark such documents with the appropriate "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code" label prior to distributing such Material. All copies of Material marked "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code" shall again be marked "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code" if the duplicating process by which copies of such Materials are made does not reproduce the original label.

6.    Notwithstanding the provisions of Paragraphs 4.3 and 4.4 of this Order, other persons may attend depositions pursuant to the Federal Rules of Civil Procedure or by agreement of the Parties. However, unless such person is entitled to review Material designated as "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code," that person must leave the room before any disclosure or discussion of any Material that the person is not entitled to review.

7.    No Material designated as "Confidential" or "Restricted Confidential – Outside Counsel Only" subject to this Protective Order, or extracts or summaries of Material derived

10

therefrom, shall be communicated in any manner, either directly or indirectly, to any person except the following:

  7.1. Outside Counsel of record for any Receiving Party, including their partners and associates who assist them in this matter, and the paralegals, litigation support services, secretarial and clerical employees of such counsel of record actually assisting such counsel in the preparation of this case, as well as the following categories of persons provided that such persons have no involvement in addressing any matter regarding the substantive issues in the case: outside reproduction; independent legal translators retained to translate in connection with this action; independent shorthand or court reporters and videographers retained to record and transcribe testimony in connection with this action; document management services, graphics, translation, design, and trial support services retained by Outside Counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action; and non-technical jury or trial consulting services  retained by the Outside Counsel for any Receiving Party provided such individuals agree to be bound by this Protective Order. Notwithstanding the foregoing, no Material designated as "Confidential" or "Restricted Confidential – Outside Counsel Only" subject to this Protective Order, or extracts or summaries of Material derived therefrom, shall be communicated in any manner, either directly or indirectly, to any mock juror unless the Party desiring such disclosure obtains the form

11

attached as Exhibit "B" executed by such mock juror. Counsel for the Party shall retain in his/her files the original of each such undertaking.

7.2. Up to two (2) designated In-house Counsel for any Receiving Party who is a Party to this litigation matter. Any Party desiring to designate an In-house Counsel shall give written notice thereof to all other Parties, the current curriculum vitae for such individual, and a copy of the undertaking in the form attached as Exhibit "A" executed by such individual. Counsel for the Party shall retain in his/her files the original of each such signed undertaking. The In-house Counsel identified in the notice shall be deemed approved unless another Party objects to such designation within ten (10) business days of such notice. Objections to the designation of an In-house Counsel shall be governed by Paragraph 13. The Parties recognize that the responsibilities of In-house Counsel may change during the litigation, and that the replacement of a previously designated In-house Counsel under this section by a substitute In-house Counsel may therefore become appropriate. This paragraph does not grant access to "Restricted Confidential – Outside Counsel Only" Materials to In-house Counsel except as set forth in Paragraph 7.2.2 and 7.2.3 below. Disclosure and dissemination of Material to such in-house counsel shall be made only under the following conditions:

7.2.1. One copy of a Document marked "Confidential" may be provided to any In-house Counsel designated and approved as outlined above, and no In-house Counsel to whom a "Confidential"

12

Document is provided may make any copies of the Document or
forward or provide such Document to any other person.

7.2.2. One copy of Cisco's summary sales and financial Material marked
"Restricted Confidential - Outside Counsel Only" may be provided
to any SRI In-house Counsel designated and approved as outlined
above. Cisco will identify such summary sales and financial
Material to SRI by Bates number(s). No In-house Counsel to
whom such Material is provided may make any copies of that
Material or forward or provide such Material to any other person.

7.2.3. Any Cisco In-house Counsel designated and approved as outlined
above may access any Material produced by SRI marked
"Restricted Confidential - Outside Counsel Only."

7.2.4. To the extent any Material otherwise subject to Paragraph 7.2.3 is
subject to an unresolved objection to disclosure to Cisco's In-
house Counsel based on third-party confidentiality, that Material
may be marked "Restricted Confidential - Outside Counsel Only -
No Cisco In-House Access." Until such objection is resolved, such
Material shall be treated as though designated "Restricted
Confidential - Outside Counsel Only" except that Paragraph 7.2.3
shall not apply.

7.3.    Independent non-party experts or consultants retained or consulted to
assist counsel of record in this case, whether or not such expert or
consultant is paid directly by a Party, including their employees and

13

assistants under the control of such expert or consultants, including secretarial and clerical personnel actually assisting such experts or consultants in connection with this case provided, however, that (i) the experts or consultants are not employees of a competitor of the Designating Party and (ii) the experts or consultants become qualified to receive Material designated "Confidential," "Restricted Confidential – Outside Counsel Only," or "Restricted Confidential – Source Code" in accordance with the following procedure:

7.3.1 Counsel for any Party proposing an independent non-party expert or consultant shall disclose in writing to the Designating Party at least ten (10) business days before the disclosure: (i) the identity of such individual and a description of such individual's present occupation, affiliation, employer and position; (ii) an up-to-date copy of such individual's curriculum vitae (which shall disclose all current, former, and known future employers and/or consulting engagements of the independent non-party expert or consultant); (iii) a copy of the undertaking in the form attached as Exhibit "A" executed by such individual; and (iv) a statement of whether the individual will be given access to "Restricted Confidential – Source Code" documents. Such counsel shall retain in his/her files the original of each such undertaking.

7.3.2 Counsel shall notify proposing counsel in writing of its objection to any such proposed expert or consultant and the basis for the

14

objection within ten (10) business days after receipt of the
information identified in Paragraph 7.3.1 above. Should counsel
notify proposing counsel in writing of its objection, no disclosure
shall be made to the expert or consultant, and the Parties shall
work in good faith toward a mutually agreeable resolution to the
dispute. If agreement on the expert or consultant cannot be
reached, the proposing Party shall seek relief from the Court as set
forth in Paragraph 13.

7.3.3   If at the end of the ten (10) business day period no written
objection has been received by the Party that wishes to disclose the
Material, then the individual may receive copies of such Material
upon compliance with all applicable provisions of this Protective
Order. The Parties agree that no individual identified as a
consultant or expert shall be subject to deposition relating to that
engagement unless that individual is identified as an expert
pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure.

7.4.   The Court, other court officials and personnel (including court reporters)
and the trier of fact, pursuant to a sealing order or with other suitable
precautions as determined by the Court.

7.5.   The person who is the author or addressee of such Material or people
copied thereof.

7.6.   Fact Witnesses who are deposed in this action (and the deponent's counsel
in the case of a separately represented non-party) or who are called as

15

witnesses at any hearing in this action, but only during the deposition or hearing, and only under the following circumstances:

7.6.1 Any witness may be shown Material in which the witness is identified as an originator, signatory, author, addressee, or recipient of the original or a copy.

7.6.2 A current officer, director, or employee of a Designating Party may be shown that party's Material;

7.6.3 Any witness selected by a Designating Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure may be shown that party's Material, provided that counsel making such disclosure shall inform the witness that the matter is confidential and may not be disclosed or used except as provided in this Protective Order;

7.6.4 A former officer, director, or employee of a Designating Party may be shown that party's Material if it appears from the face of the Material that the witness authored the Material while employed by the Designating Party, provided that counsel making such disclosure shall inform the witness that the matter is confidential and may not be disclosed or used except as provided in this Protective Order.

8. Source Code Access

8.1. Material designated as "Restricted Confidential – Source Code" shall be subject to all of the protections afforded to "Confidential" information,

16

including the Prosecution Bar set forth in Paragraph 9, and may be disclosed only to the following individuals and in strict accordance with the following procedures:

8.1.1. Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, in the United States at an office of the Designating Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection in a secured room, on a standalone, secured computer without Internet access or network access to other computers and with all ports, software and other avenues that could be used to copy or transfer such data blocked ("Standalone Computer"), and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Standalone Computer shall be maintained in the sole control and custody of counsel of record for the Designating Party. The Designating Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. The Designating Party may provide a log at the secure room, in which case the Receiving Party is obligated to complete the log on a daily basis to identify the

17

Receiving Party's representatives entering the secure room, including signing a sign-in sheet prior to, and a sign-out sheet subsequent to, accessing the Standalone Computer including the name of the person accessing, the date and time in and out.

8.2.    "Restricted Confidential – Source Code" Material, to the extent not in electronic format, shall be designated using the same processes applied to "Confidential" and "Restricted Confidential – Outside Counsel Only" Materials described in paragraphs 4.1 and 4.6 above.

8.3.    Only two persons designated under paragraph 7.1 and two persons designated under paragraph 7.3 above shall have access to the Standalone Computer provided however that the following additional restrictions shall apply to such access:

8.3.1.  at least ten (10) business days prior to the date on which access is sought to such Standalone Computer ("ten day notice period"), counsel of record for the Receiving Party shall provide a list of individuals including attorneys seeking to access such Standalone Computer and the Designating Party shall have the right to object to such access in accordance with paragraph 8 herein;

8.3.2.  during the pendency of the ten day notice period, no listed individual shall have access to the Standalone Computer; and

8.3.3.  if any objection to any specific listed individual is made, that individual shall not have access to the Standalone Computer until resolution of such objection;

18

    8.3.4.  counsel of record for the Receiving Party shall provide at least ten (10) business days notice of a date and time for access for each respective request for access to the Standalone Computer by approved individuals. Cisco preapproves of the following SRI outside counsel: David Hoffman, Phillip Goter, Warren Mabey, and David Kuznick.

8.4. The Receiving Party may request paper copies of limited portions of source code that they in good faith consider reasonably necessary to proving elements of their case, including for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the source code other than electronically as set forth in Paragraph 8.2 in the first instance. The parties shall negotiate reasonable limitations on the amount and scope of "Restricted Confidential - Source Code" Material that is provided by the Designating Party to the Receiving Party. The Designating Party shall provide all such source code in paper form, including bates numbers and the label "Restricted Confidential – Source Code."

8.5. All "Restricted Confidential – Source Code" Materials, including all copies, in the possession of the Receiving Party shall be maintained in a secured, locked area.

8.6. The Receiving Party shall maintain a record of (a) any individual who has accessed or inspected any portion of the source code in electronic or paper

form, (b) the week of any such access or inspection, and (c) the location and custodian of all source code in the possession of the Receiving Party. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format, except as necessary to prepare court filings. The Receiving Party shall make no more than two additional paper copies of any source code received from the Designating Party and only if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Whenever such hard copies are made, the Receiving Party shall maintain a record of the Bates numbers of such pages, along with an identification of when the copies were made and who made them. Any hard copies shall be conspicuously marked "Restricted Confidential - Source Code" in conformity with paragraphs 1.8 and 4. Any paper copies used during a deposition shall be retrieved by the Party conducting the deposition at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

9.    Absent written consent from the Designating Party, any attorney for or representing Plaintiff or Defendant, whether in-house or outside counsel, who obtains, receives, receives access to, or otherwise learns, in whole or in part, technical information designated

20

"Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code" shall not be involved in the prosecution on behalf of any entity (except on behalf of the Designating Party) of patents or patent applications relating to network security intrusion detection or prevention technology, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims with the exception that "prosecution" does not include representing a Party in any reexamination proceedings of the patents asserted in this action. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a Party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination, inter partes reexamination, post-grant review, or inter partes review). This Prosecution Bar shall begin when access to "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code" information is first received by the affected individual and shall end two (2) years from disclosure of the technical information or one (1) year after final termination of this action (including any appeals), whichever period is longer. Further, to ensure compliance with the protections intended by this paragraph, each law firm appearing as counsel in the action, and any In-house Counsel permitted access to Materials under the terms of the Protective Order, shall make reasonable efforts to prevent disclosure of Materials to any attorneys, employees or other staff who are not permitted access to Materials under the terms of the Protective Order.

21

10. Notwithstanding anything to the contrary contained herein, the following additional requirements apply to all "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code" Materials ("Protected Materials"):

10.1. The Receiving Party acknowledges that the Protected Materials received under this Protective Order may be subject to export controls under the laws of the United States and other applicable laws. The Receiving Party shall comply with such laws and agrees not to knowingly export, re-export or transfer Protected Materials of the Designating Party without first obtaining all required United States or any other applicable authorizations or licenses. The Receiving Party acknowledges that Protected Materials disclosed by the Designating Party may be subject to, including but not limited to, the U.S. Export Administration Regulations (EAR), Export Control Classification Number (ECCN) 5E001 pertaining to Dynamic Adaptive Routing, Optical Switching, SS7, non-aggregated port speed data transfer rates exceeding 15Gbps; and ECCN 5E002 cryptography.

10.2. The Receiving Party agrees to maintain adequate controls to prevent nationals of countries listed in the EAR, Part 740 Supplement No. 1, Country Group D:1 or E from accessing the Designating Party's Protected Materials, subject to ECCN 5E001; or nationals outside the U.S. and Canada from accessing such Protected Materials, subject to ECCN 5E002 -- without U.S. Government authorization. The Receiving Party furthermore, agrees to notify the Designating Party prior to granting a foreign national, of countries listed in the groups D:1 or E, access to the

22

> Standalone Computer, access to hard copies of Protected Materials, or
> placement on a project requiring receipt or review of the Designating
> Party's Protected Materials. The term "national" is defined as any person
> who is not a U.S. person or national/citizen, lawful permanent resident,
> person granted asylum or refugee status, or temporary resident granted
> amnesty.

11.     No person allowed to view Material designated as "Confidential" or "Restricted
Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code" shall use such
Material for any purpose except as needed solely in connection with or to assist in this litigation
matter between the parties and for no other purpose, and each such person shall take all steps
reasonably necessary to protect the confidentiality of the Material. Nothing herein shall bar or
restrict any attorney from rendering advice to his or her client, and, in the course thereof, relying
generally upon (without disclosing, revealing, or describing such Material except insofar as
allowed (if allowed at all) under the terms of this Order) the examination of Material designated
as "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted
Confidential – Source Code." Further, nothing herein shall restrict the Designating Party from
using for any purpose or disclosing in any manner its own Material designated as "Confidential"
or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source
Code."

12.     In the event that a Party desires to provide access to or disseminate Confidential
Materials to any person not entitled to access under this Protective Order, it may move the Court
for an order that such person be given access thereto if the parties cannot, after negotiating in
good faith, agree to such additional access or dissemination.

23

13.     If the Designating Party objects in writing to the disclosure of Material designated
as "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted
Confidential – Source Code" to any individual identified pursuant to Paragraphs 7.2 or 7.3 and
only after the Parties have met and conferred in an attempt to resolve the dispute regarding
disclosure of Material, the Receiving Party must file a motion seeking to permit such disclosure.
No disclosure may be made to an individual who is the subject of such an objection unless and
until the Court rules otherwise, or the Parties agree otherwise.

14.     If any Party believes that any Material which has been designated as
"Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential
– Source Code" is not properly subject to the confidentiality provisions of this Protective Order,
that Party may so notify the Designating Party in writing and provide a description of the
Material which the objecting Party believes should be freed from the constraints of this
Protective Order, and serve such notice on lead counsel of record for all other parties herein.
Such description shall specifically identify each document and the reason that Party believes the
designation should be changed. If the Designating Party does not de-designate the Material
within ten (10) days from receipt of such notice, the Receiving Party may make a motion seeking
the de-designation of the disputed Material under the applicable law and pursuant to Rule 26(c)
of the Federal Rules of Civil Procedure, *provided that* prior to making such a motion the parties
shall meet and confer in good faith to resolve any differences over the designation. Failure to so
object or move shall not constitute an admission that the Material was properly designated. The
Receiving Party bears the burden of proving that the Material in question is not protectable under
Fed. R. Civ. P. 26(c) or some other basis, or, as the case may be, that the designation of
"Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential

24

– Source Code" is not necessary under the circumstances. Should any Party (or non-party) seek an Order from the Court to determine whether specified information or categories of information are not properly designated as "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code," the claimed designation shall remain operative and respected by all the Parties and non-parties pending the Court's ruling.

15.     No Material designated as "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code" shall be disclosed in a deposition to a person not authorized to receive it under this Protective Order absent agreement of the Designating Parties. The failure of the examining attorney to obtain such consent or order of the Court shall not be grounds for delaying the deposition or its progress, unless all persons attending the deposition consent.

16.     In the event that Material designated as "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code" that is subject to the provisions of this Protective Order is contained, embodied, summarized, discussed, or quoted in motions, briefs, transcripts, exhibits, depositions, or other documents filed with the Court, such document shall be filed under seal, unless the parties otherwise agree in writing or the Court otherwise orders. Where reasonably practicable, only the portions of the documents consisting of such items or information shall be lodged under seal. Filing or lodging such information or items under seal shall be made in compliance with Delaware Local Rule 5.1.3. Such items or information shall be filed or lodged in sealed envelopes or other appropriate sealed containers. Each sealed envelope or container shall be endorsed with the title and case number of this action, and bear a statement substantially in the following form:

25

"THIS DOCUMENT CONTAINS MATERIALS WHICH ARE CLAIMED TO
BE CONFIDENTIAL OR RESTRICTED CONFIDENTIAL – OUTSIDE
COUNSEL ONLY OR RESTRICTED CONFIDENTIAL – SOURCE CODE
AND COVERED BY A PROTECTIVE ORDER. THIS DOCUMENT SHALL
NOT BE MADE AVAILABLE TO ANY PERSON OTHER THAN THE
COURT AND OUTSIDE COUNSEL OF RECORD FOR THE PARTIES, OR
PURSUANT TO COURT ORDER."

17.     Any information designated as "Confidential," or "Restricted Confidential –
Outside Counsel Only" or "Restricted Confidential – Source Code" may not be offered into
evidence at trial or any other proceeding unless the Designating Party is given notice in
accordance with this paragraph and an opportunity to object and to seek appropriate protective
measures. For example, where such information may be revealed or referred to in a question that
will be put to the witness at trial upon oral examination or will be used as exhibits during the
examination, the Designating Party may request that the Court require that all persons in
attendance who are not entitled access to such Confidential Material under this Protective Order
leave the courtroom until such line of inquiry is completed. For the purposes of trial, designation
of information in the pre-trial order shall be considered to be sufficient notice to a party with
respect to the information referenced therein, and in the case of information to be used solely for
rebuttal, impeachment or cross-examination purposes, notice to the Designating Party before
disclosure of such information in court shall be considered to be sufficient notice. The Parties
agree to cooperate to preserve the confidentiality of such "Confidential" and "Restricted
Confidential – Outside Counsel Only" and "Restricted Confidential – Source Code" information
at trial or any other proceeding. As to the use at trial of "Confidential" or "Restricted

26

Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code" Materials designated as such by third parties, the Party seeking to offer or use such "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code" Materials at trial must either seek permission from the third party to use such "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code" Materials at trial, or request that the Court exclude from the room any person not entitled to receive such information as described under Paragraphs 7 or 8 of this Order, and that the Materials be maintained at their designated level of confidentiality in the Court records.

18.     This Protective Order shall not be deemed a waiver of:

     18.1    Any party's right to object to any discovery requests on any ground;

     18.2    Any party's right to seek an order compelling discovery with respect to any discovery request;

     18.3    Any party's right in any proceeding or action herein to object to the admission of any evidence on any ground;

     18.4    Any party's right to use and disclose its own documents and its own Material designated as "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code" in its sole and complete discretion; or

     18.5    The status of any Material as a trade secret.

19.     The provisions of this Protective Order shall continue in effect with respect to any Material designated as "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code," including after final determination of this action, until expressly released by the Designating Party of such Material. Unless otherwise agreed by the

27

Designating Party, within thirty (30) calendar days of the final determination of this action, each Party shall return to the Designating Party all Material designated as "Confidential" or "Restricted Confidential – Outside Counsel Only" produced by any party, and all copies of such information, or counsel of record shall certify in writing that such Material has been destroyed or erased.[2] Within twenty (20) calendar days of the final determination of this action, each Party shall return to the Designating Party all Materials designated as "Restricted Confidential – Source Code" produced by any party, along with certification that all such Materials have been returned. Outside Counsel of record for each Party may retain or destroy at their option any document which includes or reflects attorney work product legal memoranda, and may also retain file copies of any correspondence, pleadings, briefs, discovery responses, deposition and trial transcripts, or other papers (or exhibits thereto) served or filed in the action, even though such papers incorporate or include "Confidential" or "Restricted Confidential – Outside Counsel Only" information. Outside Counsel must destroy, and certify the destruction of, any Materials that incorporate or include "Restricted Confidential - Source Code" information. For purposes of this Protective Order, the "final determination of this action" shall be deemed to be the later of (i) full settlement of all claims; (ii) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials and reviews, if any, of this action; or (iii) the expiration of all time limits under the applicable law for the filing of or application for all appeals, rehearings, remands, trials or reviews of this action, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law. Unless otherwise ordered by the Court, the terms of this Protective Order shall survive and remain in full force after the

---

[2]  The Parties are not required to erase or destroy information stored pursuant to a periodic routine back-up procedure as long as the back-up procedure is designed to eventually overwrite the information as part of a future periodic back-up.

28

termination of this lawsuit and the Court shall have jurisdiction over the parties, their attorneys, and all persons to whom Material designated as "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code" has been disclosed for the purpose of enforcing the terms of this Protective Order and/or redressing any violation thereof.

20.     Counsel for the Parties to whom Material designated as "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code" has been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Protective Order and for securing execution of and retaining the statements attached hereto as Exhibit "A" and Exhibit "B" when required under the provisions of this Protective Order.

21.     Nothing in this Protective Order shall require disclosure of Material that a party contends is protected from disclosure by the attorney-client privilege or the attorney work-product immunity, or any other applicable privilege. This shall not preclude any Party from moving the Court for an Order directing the disclosure of such Material.

22.     If a Designating Party produces or provides discovery that it believes is subject to a claim of attorney-client privilege or work product immunity or any other applicable privilege, the Designating Party may give written notice to the Receiving Party that the document or information is subject to a claim of attorney-client privilege or work product immunity or any other applicable privilege and request that the document be returned to the Designating Party. The Receiving Party shall within five (5) days destroy or return to the Designating Party all copies of such document or information and all excerpts and summaries thereof, including those that have been shared with experts, consultants, and vendors, and confirm in writing that all such Materials have been returned or destroyed. No use shall be made of such documents or

information during depositions, through motion practice, or at trial. In the case of such returned production, the Designating Party shall provide a privilege log identifying such documents or information within ten (10) business days of its original notice to the Receiving Party. Return of the document by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose the Receiving Party from moving for an order in accordance with the Federal Rules of Civil Procedure that such document has been improperly designated as subject to a claim of attorney-client privilege or work product immunity or should be produced for reasons other than a waiver caused merely by the production. Any such motion shall be filed under seal and shall not assert as a ground for production the fact of the earlier production, nor shall the motion disclose or otherwise use the content of the previously produced and returned documents or information in any way (beyond any information appearing on the above-referenced privilege log). The disclosure of any privileged or immune documents or information shall not be deemed a waiver of that privilege or immunity as to that Material or any other documents, testimony or evidence.

23.    Non-parties that agree in writing to be bound by the terms of this Protective Order may (i) designate deposition transcripts and any documents or information they produce, whether voluntarily or by subpoena, as "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code" to the same extent and in the same manner as the parties to this litigation matter, and such documents or information shall be treated by the parties to this litigation matter in the same manner as documents or information so designated by a party; and (ii) intervene in this litigation matter to enforce the provisions of this Order as if they were a party.

24.     If Material or information designated "Confidential" or "Restricted Confidential –
Outside Counsel Only" or "Restricted Confidential – Source Code" is disclosed to any person
other than in the manner authorized by this Protective Order, the Party responsible for the
disclosure must immediately bring all pertinent facts relating to such disclosure to the attention
of the Designating Party, and without prejudice to the rights and remedies of the Designating
Party, make every effort to retrieve the improperly disclosed Material and to prevent further
unauthorized disclosure on its own part or on the part of the recipient of such information or
Material, including by securing the agreement of the recipient not to further disseminate the
Material in any form.  Compliance with the foregoing shall not prevent a Party from seeking
further relief from the Court.

25.     In the event any Receiving Party having possession, custody or control of any
Materials designated as "Confidential" or "Restricted Confidential – Outside Counsel Only" or
"Restricted Confidential – Source Code" receives a subpoena or other process or order to
produce such information in another proceeding, including a legal, arbitral, administrative, or
legislative proceeding, from a non-party to this action, such Receiving Party shall notify counsel
for the Designating Party or third party in writing of the subpoena or other process or order and
furnish counsel for the Designating Party or third party with a copy of said subpoena or other
process or order so that the Designating Party may have an opportunity to appear and be heard
on whether such Materials should be disclosed, and cooperate with respect to all reasonable
procedures sought to be pursued by the Designating Party or third party whose interests may be
affected.  The party receiving the subpoena or other process or order shall be entitled to comply
with it except to the extent that the Designating Party or third party asserting the "Confidential"
or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code"

31

treatment objects to the production and seeks appropriate relief from the appropriate court or agency, in which case the party receiving the subpoena or other request, process or order shall not produce the Material in dispute so long as it may lawfully refuse, pending such a request and, if necessary, the entry of an order modifying or quashing the subpoena or other process or order.

26.    In addition to the specific requirements set forth in paragraph 8 hereof regarding the handling of "Restricted Confidential – Source Code" Materials, the recipient of any Confidential Material shall maintain such information in a secure and safe place, and shall exercise at least the same degree of care in handling the Confidential Material as is exercised by the recipient with respect to its own Confidential Material and to confidential information of a similar nature, but in no event less than due care. Each recipient of any Confidential Material hereby agrees to be subject to the jurisdiction of this Court for purposes of the implementation and enforcement of this Protective Order.

27.    This Order may be modified or amended either by agreement of the Parties or by order of the Court upon good cause shown.

28.    By affixing their signatures below, the parties agree to abide by the terms of this Stipulation until this Protective Order or a further protective order is entered by the Court. Upon the signing of this Order by the District Court Judge, this Protective Order shall be effective as against all Party signatories hereto as of the date of such signature of that Party or Party's representative, thereby rendering this Protective Order effective nunc pro tunc to the date of such Party's signature.

32

**AGREED TO AND APPROVED FOR ENTRY:**

Attorneys for Plaintiff SRI International, Inc.

By: */s/ Warren K. Mabey, Jr.*
   **Fish & Richardson P.C.**
   Thomas L. Halkowski (#4099)
   Warren Mabey, Jr. (#5775)
   222 Delaware Avenue, 17th Floor
   P.O. Box 1114
   Wilmington, DE 19899-1114
   Telephone: (302) 652-5070
   halkowski@fr.com
   mabey@fr.com

   Frank E. Scherkenbach
   David Kuznick
   One Marina Park Drive
   Boston, MA 02210
   Telephone: (617) 542-5070
   scherkenbach@fr.com

   Howard G. Pollack
   500 Arguello Street, Suite 500
   Redwood City, CA 94063
   Telephone: (650) 839-5070
   pollack@fr.com

   David M. Hoffman
   111 Congress Avenue, Suite 810
   Austin, TX 78701
   Telephone: (512) 472-5070
   hoffman@fr.com

   Phillip W. Goter
   60 S. 6th Street., Suite 3200
   Minneapolis, MN 55402
   Telephone: (612) 335-5070
   goter@fr.com

Attorneys for Defendant Cisco Systems, Inc.

By: */s/ Jack B. Blumenfeld*
   **Morris, Nichols, Arsht & Tunnell LLP**
   Jack B. Blumenfeld (#1014)
   1201 North Market Street
   P.O. Box 1347
   Wilmington, DE 19899
   Telephone: (302) 658-9200
   jblumenfeld@mnat.com

   Steven C. Cherny
   Sarah K. Tsou
   Kirkland & Ellis, LLP
   601 Lexington Avenue
   New York, NY 10022
   Telephone: (212) 446-4800
   steven.cherny@kirkland.com
   sarah.tsou@kirkland.com

   Michael W. De Vries
   Kirkland & Ellis, LLP
   333 Hope Street
   Los Angeles, CA 90071
   Telephone: (213) 680-8400
   michael.devries@kirkland.com

   Adam Alper
   Kirkland & Ellis, LLP
   555 California Street
   San Francisco, CA 94101
   Telephone: (415) 439-1400
   adam.alper@kirkland.com

   Jason M. Wilcox
   Kirkland & Ellis, LLP
   655 Fifteenth Street, N.W.
   Washington, DC 20005
   Telephone: (202) 879-5000
   jason.wilcox@kirkland.com

33

IT IS SO ORDERED this _____ day of _____, 2014.

HONORABLE SUE L. ROBINSON Sherry R. Fallon
UNITED STATES DISTRICT JUDGE
Magistrate

34

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SRI INTERNATIONAL, INC.,

    Plaintiff,

v.

    C.A. No. 13-1534-SLR-SRF

CISCO SYSTEMS, INC.,

    Defendant.

## EXHIBIT "A"

### STATEMENT

1.     My name is _____.

2.     My present residential address is _____

3.     I am currently employed by _____ and

    the address of my current employer is

    _____

4.     My current occupation or job description is

    _____.

5.     I have been retained as a(n) _____ of _____ in the

above-styled litigation matter.

6.     Attached is a copy of my current resume or curriculum vitae.

7.     I have received a copy of, have read and understood, and agree to be bound by the

terms of the Protective Order dated _____ in this action.

1

8. I will not reveal the contents of Material designated as "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code" to any unauthorized person under the terms of the Protective Order, including any words, substances, summaries, abstracts or indices of Confidential Materials or transcripts disclosed to me.

9. In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

10. When requested, I will return to the outside counsel of record of the Party with whom I am associated all documents and other Materials, including notes, computer data , summaries, abstracts, or any other Materials including or reflecting information designated as "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code" which have come into my possession, including any surviving documents and things which I may prepare relating to or reflecting any such information.

11. As a condition precedent to receiving any Material designed as "Confidential" or "Restricted Confidential – Outside Counsel Only" or "Restricted Confidential – Source Code," I submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order against me in this action.

12. I understand that if I violate the provisions of this Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil Action for damages by the disclosing party.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

2

SIGNED this \_\_\_ day of _____, 201\_\_\_\_.

_____

Name: _____
(print name)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SRI INTERNATIONAL, INC.,

    Plaintiff,

v.

    C.A. No. 13-1534-SLR-SRF

CISCO SYSTEMS, INC.,

    Defendant.

## EXHIBIT "B"

1.     My name is _____.

2.     My address is _____.

3.     I am currently employed by _____.

4.     My current occupation is _____.

5.     I have read and understood the Protective Order in this action. I understand that I must follow all of the provisions of the Protective Order.

6.     I agree that anything I learn as a juror will be kept under the strictest confidence and I will not disclose it to anyone for any reason unless ordered by the Court.

7.     I declare that the foregoing is true and correct, under penalty of perjury of the laws of the United States.

SIGNED this ___ day of _____, 201___.

_____

Name: _____
(print name)

1