IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SRI INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 13-1534 (SLR) (SRF) |
| v. | ) | |
| | ) | REDACTED - PUBLIC |
| CISCO SYSTEMS, INC., | ) | VERSION |
| | ) | |
| Defendant. | ) | |

**DEFENDANT CISCO SYSTEMS, INC.'S OPENING BRIEF
IN SUPPORT OF ITS MOTION FOR A SANCTION**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mflynn@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Steven Cherny
Oliver C. Bennett
Sarah K. Tsou
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022-4611
(212) 446-4800

Michael W. De Vries
KIRKLAND & ELLIS LLP
333 Hope street
Los Angeles, CA  90071
(213) 680-8400

Adam R. Alper
Brian Featherstun
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA  94104
(415) 439-1500

Jason M. Wilcox
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC 20005
(202) 879-5000

March 14, 2016 - Original Filing Date
March 21, 2016 - Redacted Filing Date

## TABLE OF CONTENTS

NATURE AND STAGE OF THE PROCEEDINGS .................................................................... 1

INTRODUCTION AND SUMMARY OF ARGUMENT ......................................................... 1

BACKGROUND ......................................................................................................................... 2

1.   SRI's Prior Litigation Involving the Patents-in-Suit ................................................. 2

2.   SRI Pays Its ███████████████████ ...................................................... 4

3.   SRI Makes Its Improperly ████████████████████
     ███████████ ................................................................................................ 8

4.   SRI Resisted Discovery ████████████████ ............................................... 9

5.   SRI Refuses To Address Cisco's Concerns ███████████████████ ............... 10

LEGAL STANDARD ............................................................................................................... 11

ARGUMENT ............................................................................................................................. 12

1.   SRI's ██████████████ .......................................................................... 12

2.   **SRI Cannot Justify** ██████████████████████ ........................... 15

3.   An Adverse Inference Is Warranted And Necessary ████████████████
     ████████████ ...................................................................................... 16

CONCLUSION .......................................................................................................................... 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

███████████ ██████
    ████████████████ ......................................................................................17

█████████████ ████
    █████████████████ ....................................................................................12

███████████ ████
    █████████████ █...............................................................................................17

█████████████████ ████
    █████████████████████████ ) ...........................................................11, 12

███████ ████
    █████████████████ ) ...........................................................................11

███████████████████████████████ ████
    ██ ) ......................................................................................................11

███████████ ████
    █████████████████ ) ...............................................................................17

██████████ ████
    ███████████ ) ....................................................................................15

███████████ ████
    █████████████████ ) ........................................................................17, 18

█████████ ████
    █████████████████ ...................................................................................19

███████████████ ████
    ████████ .............................................................................................15

█████████ ████
    █████████████████████ ) ...................................................................17

███████████ ████
    ████████████ .................................................................................17, 18

███████████ ████
    ████████████████ ...............................................................................15

██████████
  ████████████████████)...................................................................................... 11, 12, 13

██████████
  ████████████........................................................................................................11

**Statutes**

████████ .......................................................................................................................1, 13

████████ ........................................................................................................................12

████████ ...................................................................................................................... 12, 20

████████ ..................................................................................................................12, 13, 15, 16

████████ ................................................................................................................... 12, 14

Bayh-Dole Act...............................................................................................................15

**Rules**

Rule 30(b)(6) ................................................................................................................8

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff SRI International, Inc. ("SRI") sued Defendant Cisco Systems, Inc. ("Cisco") in September 2013, alleging infringement of U.S. Patent Nos. 6,484,203 ("the '203 patent") and 6,711,615 ("the '615 patent") (collectively, "the patents-in-suit").   Fact discovery and expert discovery are closed, and a jury trial is scheduled to begin May 2, 2016.  *See* D.I. 40.

## INTRODUCTION AND SUMMARY OF ARGUMENT

During discovery in this action, Cisco learned that SRI ███████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ After Cisco discovered (with the Court's assistance) ██████████████████, it expressed its profound concern for the process to SRI. ███████████████████████████████████████ ██████████████████████████████████████████████ Cisco, therefore, has no choice but to raise this serious issue with the Court.

███████████████████████████████████████████████ ██████████████████████████████████  █████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ███████████████████████████ The documents explicitly state █████████████ █████████████ including provision of sworn testimony. ████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████



██ And Dr. William Mark, the SRI corporate officer responsible ████████████████████

████████████████████████████████████████████████. To date, SRI has

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████.

Unsurprisingly, SRI vigorously resisted Cisco's efforts to obtain discovery concerning ██

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████ And since Cisco's discovery of ████████████, SRI repeatedly has

minimized the seriousness of this issue. ███████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████.

SRI's ██████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████. To address the impact of ████████████, Cisco

respectfully requests that the Court instruct the jury that ███████████████████████

████████████████████ It is not clear that even such an adverse inference can remediate the

prejudice created by SRI's ████████████, but it at least will allow the jury to understand that

████████████████████████████████████████████████████████████████

████████████████████████████████.

## BACKGROUND

1.      **SRI's Prior Litigation Involving the Patents-in-Suit**

The patents-in-suit are U.S. Patent No. 6,484,203, filed September 8, 2000 and entitled

"Hierarchical Event Monitoring and Analysis," and U.S. Patent No. 6,711,615, filed September 25,

2002 and entitled "Network Surveillance." Both patents name Phillip Porras and Alfonso Valdes as the alleged inventors and claim priority to an application filed in November 1998. The patents stem from an SRI project referred to as "EMERALD." During the late 1990's and early 2000's, SRI attempted but failed to commercialize the EMERALD technology. During that time, no independent commercial U.S. entity agreed to take a royalty-bearing license to SRI's technology. █

█████████████████████  ████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████

         ███████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█ In 2004, SRI filed the first of its suits, against Symantec Corporation ("Symantec") and Internet Security Systems, Inc. ("ISS"), alleging infringement of the same two patents at-issue in this case. *See* Ex. 3, SRI's Initial Complaint against Symantec and ISS. That case ultimately proceeded to trial, after which this Court set aside the infringement verdict against Symantec for all but one of the accused products and completely set aside the verdict against ISS. SRI and Symantec eventually settled weeks before the subsequent damages trial was to begin, with Symantec agreeing to settle that case (but not the overall dispute) for roughly $█ During the course of that litigation, Dr. Lincoln, the Director of SRI's Computer Science Laboratory responsible for the EMERALD project, provided fact testimony including at trial. Douglas Bercow, SRI's Executive Director of SRI's Global Partnerships who was responsible for SRI's early attempts to commercialize the patents-in-suit, Mr. Porras, one of the named inventors, and Richard Abramson, SRI's then-General Counsel, also provided testimony.

         In 2011, SRI initiated a second lawsuit against Symantec, alleging infringement of the same patents by Symantec services not at-issue in the first litigation. *See* Ex. 4, SRI's 2011 Initial

3

Complaint against Symantec. During the course of that case, Dr. Lincoln and Mr. Porras again testified during deposition on behalf of SRI. Ultimately, Symantec and SRI settled the entirety of their dispute, with Symantec agreeing to pay SRI $▮▮▮ for a full license to the patents-in-suit.

    2.      **SRI Pays Its** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  ▮▮▮▮▮▮▮  ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. ▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮  ▮▮▮▮▮▮▮▮▮▮▮



Dr. Mark later decided ███████████████████████████████████████████████████
████████████████████████████████████████████████.   In a second memorandum sent to the Compensation Committee in June 2012 (*see* Ex. 8, SRI-CIS0138327), Dr. Mark explained that, ████████████████████████████████████████████████
████████████████" *Id.*[1] As a result, the memorandum recommended ███████████
████████ ██████████████████████████████████ *Id.* ████████
██████████████████████████████████████████████████
██████████████████████████████████████████████████
██████████████████████████████████████████████%.  *Id.*
██████████████████████████████████████████████████
██████████ ████████████████████████████████████████
████████████████████

---

[1] All emphases added, unless otherwise noted.

5



Ex. 8, SRI-CIS0138327.  This memorandum thus made clear that ████████ ██████████████

████████████████████████████████████████████████████████

██████████████████████████████████ ████████████████████████

███████████████████████████████  *See* Ex. 9, Exhibit 10 to Mark Deposition; Ex. 10,

10/16/15 Mark Dep. Tr. at 94:22-96:23.

　　　During discovery in this case, ██████████████████████████████

███████████████████████████████████████████████████████████.█

████████████████████████████████████████████████████████

███████████████████████████████████████████  also admitted his ████████

████  ██████████████████████.  Ex. 12, 3/10/15 Lincoln Dep. Tr. at 68:11-69:6.

　　　██████████████████████████████████████████████

████████████████████████████████████████████████ ██

████████████████████████████████████████████████████

████████████████████████████ ██████████████████████████

██████ ██████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████



*See* Ex. 16, SRI_CIS0063304.



**3.     SRI Makes Its Improperly** ███████████████████████
████████████████

In 2013, SRI filed this action against Cisco, alleging infringement of the patents-in-suit and seeking substantial damages from Cisco.  Throughout this case, SRI has relied nearly exclusively on the same witnesses who testified in its prior litigation.  Dr. Lincoln and Mssrs Abramson, Porras, and Bercow were all identified by SRI as persons with relevant knowledge its initial disclosures and its interrogatory responses. *See* Ex. 18, SRI's Initial Disclosures; Ex. 19, SRI's Response to Cisco's Interrogatories Nos. 1 and 4.  Those four individuals likewise provided deposition testimony on behalf of SRI, with Dr. Lincoln, Mr. Bercow, and Mr. Lincoln designated as SRI's primary Rule 30(b)(6) witnesses in this case.  *See* Ex. 20, 1/7/15 Hoffman email to Tsou (designating SRI's 30(b)(6) witnesses).  And those four SRI employees, ████████████████████████████ ██████████████████████████████████, were the only fact witnesses on SRI's preliminary witness list. *See* Ex. 21, 11/13/15 SRI's Preliminary Disclosure of Witnesses to Be Called at Trial (identifying Lincoln, Bercow, Porras, and Abramson); Ex. 12, 3/10/15 Lincoln Dep. Tr. at 78:8-79:1; Ex. 17, 2/24/15 Abramson Dep. Tr. at 40:8-11; 41:11-22; Ex. 22, 2/25/15 Abramson Dep. Tr. at 333:20-334:17.  SRI subsequently reduced the fact witnesses it intends to call live at trial to Dr. Lincoln and Mr. Porras—███████████████████████████ ████████████████████████████████████████████ ██████. Ex. 23, 2/29/16 Trial Witness List.

4.      **SRI Resisted Discovery** ████████████████████

████████████████████████████████████████████████████████████████

████████████████  ██████  ████████████  ██████████  ██  ████████  ██████  ██  ████

████████████████████████████████████████████████████████████████



*See* Ex. 33, SRI-CIS052549.  SRI claimed these redactions were due to attorney-client privilege.  *See*

████████████████████████████████████. ████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████  Despite this testimony, SRI repeatedly claimed,

without explanation, that these redactions were proper. ████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████  SRI maintained this claim of

privilege until after the close of fact discovery. Then, after all scheduled depositions had concluded,

SRI abandoned its privilege claim and produced the un-redacted memorandum. ████████████████

████████████████████████████████████

        SRI's efforts to prevent Cisco from discovering the full scope of this payment scheme also

extended to numerous other documents and issues. For example, Mr. Abramson testified that SRI's

9

Compensation Committee responsible ████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████ *See* Ex. 17, 2/24/15 Abramson Dep. Tr. at 93:13-94:11. When Cisco

requested production, SRI refused, claiming these documents were "simply not relevant." Ex. 27,

5/28/15 email chain between Bennett and Hoffman.  Cisco ultimately filed a motion to compel

production of these documents on June 17, 2015. Magistrate Judge Fallon agreed with Cisco that

these documents should have been produced and ordered SRI ██████████████████████

████████████████████████████████████████████████████████████████

███████████████████" Ex. 28, 6/23/15 Hrg. Tr. at 19.

     5.     **SRI Refuses To Address Cisco's Concerns** ████████ ███ ███████
████████

On December 29, 2015, Cisco sent a letter to SRI, outlining its concerns with the impact and

propriety of SRI's ██████████████████████████████████████████████

████████████████████████. *See* Ex. 29, 12/29/15 De Vries letter to Hoffman.

On January 4, 2016, SRI responded to that letter, arguing ████████████████████████

████████████████████████. *See* Ex. 30, 1/4/16 Hoffman letter to

De Vries. After carefully studying the assertions in SRI's January 4 letter, Cisco responded on

February 15, 2016, comprehensively explaining why Cisco ███████████████████████

████████████████████████████████████████████████████████████████

████████████████████████. Ex. 31, 2/15/16 De Vries letter to

Hoffman. Instead of answering those questions or proposing any mechanism for addressing the

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████. *See* Ex. 32, 3/7/16 Hoffman letter to De Vries. And approximately a

week earlier, SRI included a request in its draft of the Joint Pretrial Statement that Cisco be barred

from raising ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 34, 2/29/16 SRI's Statement of

Miscellaneous Issues at ¶ 6.  SRI's continued refusal to substantively engage with Cisco regarding

these ▮▮▮▮▮▮▮▮ necessitated this motion.

## LEGAL STANDARD

███████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████   ███████████████████

███████████████████████████████████████   █████████

███████████████████████████████████████████████

██████████████████████   ██████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████

**ARGUMENT**

1.   ████████████████████████

SRI's ██████████ █████████████████ ██████████████████████████

████████████████████████████████████████   █████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████



Additionally, after seeing

Ex. 6, SRI-CIS0052552.

*See* Ex. 12, 3/10/15 Lincoln Dep. Tr. at 72:11-23;



Ex. 8, SRI-CIS0138327.

*Id.*

*See* Ex. 8, SRI-CIS0138327.  The amount of time and effort spent by

.[2]

[2]

2.     **SRI Cannot Justify** ████████████████████████████████

In response to Cisco's expression of concern about SRI's ██████████████████, SRI

██████████████████████████████████████████████████ *See* Ex. 30, 1/4/16

Hoffman letter to De Vries at 2. According to SRI, that Act "require[s] SRI to share royalty

proceeds with ***inventors*** of federally funded research." *See id.* at 1. But no provision of the Bayh-

Dole Act requires or permits ██████████████████   ██████████████████

███████████████████████████████████. Nor does any provision of the

Bayh-Dole Act require ████████████████████████████████████

█████████████████████████████ *See RadLAX Gateway Hotel, LLC v.*

*Amalgamated Bank*, 132 S. Ct. 2065, 2071-72 ("'[I]t is a commonplace of statutory construction that

the specific governs the general.'") (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384

(1992)). ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████

SRI's January 4, 2016 letter also argued that its ██████████████████ are proper

because they were made ████████████████████████████████████████

████████████████████. *See* Ex. 30, 1/4/16 Hoffman letter to De Vries at 1. One

will look in vain, however, █████████████████████████████████████

████████████████████████████████████████████

██████████████████ Nor would it make sense for such an exemption to exist: █████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████

███████████████████████████. Similarly, SRI claims that ████████████████

████████████████████████████████████████████████████████████████████████

that "[a]cross SRI's many programs, there are █████████████████████████████

███████████████████████ *See id.* The fact that SRI's █████████████████████

████████████████████████████████████████████████████████████████████████

███████████████████████████████████ To use an analogy, the fact that a

company may have a lawfully authorized stock option program does not permit that company to

award additional stock options to employees because they provided helpful testimony.

████████████████████████████████████████████████████████████████

███████████████████. *See* Ex. 30, 1/4/16 Hoffman letter to De Vries.  SRI ████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

██████████████████ Moreover, it does not take SRI's ███████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

███████████████████████████████

**3.      An Adverse Inference Is Warranted And Necessary** ██████████████████
██████████████████████████

SRI's ████████████████████ have fundamentally tainted these proceedings.  The ████████

████████████████████████████████████████████████████████████████████████

█████████████████████████████████████ Despite Cisco's repeated

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████ An adverse inference instruction is warranted under the law and necessary to

███████████████████████████████████████████.

Courts are vested with "inherent power to control litigation by imposing sanctions appropriate to rectify improper conduct by litigants." *Micron Tech., Inc. v. Rambus, Inc.*, 645 F.3d 1311, 1326 (Fed. Cir. 2011) (internal citations omitted). "The particular sanction imposed is within the sound discretion of the district court in exercising its inherent authority and in assuring the fairness of the proceedings before it." *Id.* (quoting *Chambers v. NASCO*, Inc., 501 U.S. 32 (1991)). Depending on the conduct, a proper sanction may include instructing the jury to make an adverse inference regarding the improper conduct. *Mosel Vitelic Corp. v. Micron, Tech. Inc.*, 162 F. Supp. 2d 307 (D. Del. 2000) (citing *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994)).

SRI's improper ████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████. Courts long have recognized that an adverse inference is particularly well-suited in this situation where the offending party prejudiced their opponent by obstructing the opportunity to obtain unaltered evidence. Both the Third and Federal Circuits have stated that "[s]poliation is usually referenced in instances where evidence has been altered or destroyed." *See Bull v. United Parcel Service, Inc.*, 665 F.3d 68, 73 (3d. Cir. 2012) (citing *Micron Tech.*, 645 F.3d at 1320) (emphasis added). And efforts to tamper with or otherwise improperly affect witness testimony fits within this definition because it prejudices the other side's ability to defend itself. *See Riley v. City of New York*, 10-cv-2513, 2015 WL 541346, * 12 n. 17 (E.D.N.Y. Feb. 10, 2015) ("Given the lack of case law considering the impos[ing] of sanctions as a result of witness tampering in a civil action, the Court has considered relevant law concerning the imposition of

17

sanctions for spoliation and other discovery abuses" in granting an adverse inference to mitigate the harm from efforts to improperly influence witness testimony.)

In determining whether to grant an adverse inference for spoliation or other misconduct, courts in this Circuit consider three factors: (1) the culpability of the party responsible; (2) the degree of prejudice suffered by the innocent party; and (3) the availability of less severe sanctions that would avoid unfairness to the innocent party while deterring similar misconduct in the future. *See Mosel Vitelic*, 162 F. Supp. 2d at 311 (citing *Schmid v. Milwauke Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994)). All three factors weigh in favor of an adverse inference here.

*First*, SRI's ████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████ *See* Ex. 8, SRI-CIS00138327.   This type of intentional conduct warrants imposition of remedial measures such as an adverse inference instruction. ████████████████ ████████████████████████████████████████████  ███████████████████ ████████████████████████████████████████████████████████ ███████████████████████. Nevertheless, SRI has done nothing to ████████████████ ████████████████████████████   To the contrary, and over Cisco's objections, ██████████████ ████████████████████████████████████████████████████████ ████ Ex. 23, 2/29/16 SRI Witness List.  And SRI has even gone so far as to suggest it will ask the ████████████████████████████████████████████████████████. Ex. 34, 2/29/16 SRI's Statement of Miscellaneous Issues at ¶ 6.  SRI's refusal to take remedial measures to address ██████████████████████████████████████████████ ████████████████████████████████.

*Second*, Cisco has suffered and at the upcoming trial will continue to suffer substantial prejudice ███████████████████████████████. As discussed, █████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████████████. From the outset of this case, SRI referenced its prior litigation as justification for its claim, pointing to the jury's findings against Symantec and subsequent settlement in its complaint against Cisco. *See* Ex. 35, SRI's Initial Complaint at ¶¶ 8-12. SRI likewise has repeatedly relied on its successes in its prior litigations (as well as threatened litigations that settled before trial) as alleged support for topics ranging from the alleged validity of the patents-in-suit to justification for the damages it seeks from Cisco. S*ee* Ex. 36, Rep. of SRI's expert Dr. Lee at ¶ 196 ███████████████████

█████████████████████████████████████); Ex. 19, SRI's Response to Cisco's Interrogatory No. 4 ███████); Ex. 37, Rep. of SRI's expert Dr. Prowse ██████████████████████████████████████ Ex. 38, SRI's Supplemental Disclosure of Its Damages Model ███████. █████████████████████████████████

███████████████████████████ *See* Ex. 23, 2/29/16 SRI Witness List.

Hence, SRI's ██████████████████████████████████████████████ will fundamentally interfere with a fair resolution of this action. *See Perna v. Elec. Data Sys, Corp.*, 916 F. Supp. 388, 401 (D.N.J. 1995) ("[a] critical consideration for the imposition of . . . sanction[s] is that the misconduct penalized must relate to the matters in controversy in such a way as to interfere with the right decision of the case.") █████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████████████. *See* Ex.

23, 2/29/16 Disclosure of Witnesses.  Specifically, SRI intends to call ███████████████

to testify live on behalf of SRI at trial, and to call ██████████ by deposition. *See id.*  SRI's

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

█████████████████████████████████████████.

  *Third*, lesser remedies cannot sufficiently address the prejudice Cisco has and will continue to

suffer as a result of ███████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████ There is no reason SRI should

██████████████████████████████████████████.  And even if cross-

examination alone were a suitable alternative, ████████████████████████████

█████████████████████████████.[3]

  Given SRI's insistence ████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████████

## CONCLUSION

  For the reasons above, Cisco respectfully requests that the Court grant its motion.

---

[3] After Cisco informed SRI of its concern that the witness SRI identified in its preliminary witness
███████████████████████████████, SRI served an updated witness list dropping ██████████
███████████████████ from the list of witnesses SRI intends to call live. *See* Ex. 31,
2/15/16 De Vries letter to Hoffman Ex. 23, SRI's 2/29/16 List of Witnesses. SRI now indicates
it intends to call ████████████ solely by deposition designation and does not intend to call Mr.
Bercow whatsoever. *See id.* In doing so, ██████████████████████████████████████
████████████████████████████████████████████████.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)
Michael J. Flynn (#5333)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mflynn@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Steven Cherny
Oliver C. Bennett
Sarah K. Tsou
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022-4611
(212) 446-4800

Michael W. De Vries
KIRKLAND & ELLIS LLP
333 Hope street
Los Angeles, CA  90071
(213) 680-8400

Adam R. Alper
Brian Featherstun
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA  94104
(415) 439-1500

Jason M. Wilcox
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, DC 20005
(202) 879-5000

March 14, 2016  - **Original Filing Date**
9912591
**March 21, 2016 - Redacted Filing Date**