IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRI INTERNATIONAL INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CISCO SYSTEMS, INC., )<br>)<br>Defendant. ) | Civ. No. 13-1534-SLR |

**MEMORANDUM ORDER**

At Wilmington this 22nd day of April, 2016, having reviewed the letter submissions of the parties in connection with their pretrial evidentiary disputes;

IT IS ORDERED that:

1. **IBM and McAfee licenses.** Looking at the record presented, I am persuaded that SRI has the better argument. There is no indication in the licenses themselves that they are litigation-driven. The fact that the results of prior litigation may have served to clarify the commercial landscape is not a sufficient ground to preclude them under Fed. R. Evid. 408. *See L'Oreal S.A. v. Revlon Consumer Products Corp.*, 2008 WL 5868688, at *1 (D. Del. Sept. 30, 2008). Therefore, the above licensees may be admitted as evidence in the damages phase of the case.[1]

2. **"Based on the analysis of network traffic data" limitation.** Given that

---

[1] It is unclear to me whether there is a dispute about the use of past licenses and litigation in connection with, e.g., secondary considerations of obviousness and, therefore, I have not addressed the issue in this order.

Cisco's letter submission and accompanying exhibits simply reargue claim construction, I have to conclude that Dr. Clark did not address Dr. Lee's opinion in the alternative (the latter of which was consistent with the court's claim construction). The only reason I had to "clarify" my claim construction is that Cisco failed to give up its original claim construction arguments, and pursued them through expert discovery (and even now). Under the circumstances, I see no reason to allow Cisco to finally amend its position on the eve of trial with a supplemental expert report. The issue should be one of claim construction for purposes of appeal.

3. **Signature engines.** Having reviewed the record (including the experts' reports), I find no support for Cisco's arguments and, certainly, no prejudice in the way SRI presented its infringement contentions or pursued expert discovery. Cisco's request to preclude SRI from arguing or adducing evidence that individual signature engines within the accused Cisco IPS products are the "network monitors" of the asserted claims is denied.

United States District Judge

2