IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRI INTERNATIONAL, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 13-1534-SLR |
| CISCO SYSTEMS, INC., | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM ORDER**

At Wilmington this 9th day of May, 2016, having reviewed (and heard argument on) the various submissions of the parties related to several pending evidentiary disputes (D.I. 327 - 330);

IT IS ORDERED that:

1. **Cisco's § 102(g) defense.** Throughout the course of this case, Cisco has included - literally - "§ 102(g)" among its invalidity defenses. Throughout the course of this case, Cisco has also relied on NetRanger 1.3.1 as invalidating prior art. Through the summary judgment motion practice, I concluded that NetRanger 1.3.1 was not prior art because it was never publicly available. At no time prior to Cisco's May 6, 2016 letter (D.I. 327) did Cisco (through its contentions, its expert, or otherwise) provide its allegations as to the full breadth of § 102(g), that is, how NetRanger 1.3.1 was not "abandoned, suppressed or concealed." As noted by the Federal Circuit in *Fox Group, Inc. v. Cree, Inc.*, 700 F.3d 1300 (Fed. Cir. 2012), "[t]here are numerous ways to

support an inference of abandonment, suppression, or concealment, such as '[t]he failure to file a patent application, to describe the invention in a published document, or to use the invention publicly, within a reasonable time after first making the invention. . . .'" *Id.* at 1306 (citation omitted). From my perspective, during the course of the pretrial proceedings, Cisco was promoting the inference that NetRanger 1.3.1 was a published document; SRI demonstrated that it was not. It is too late for Cisco to be hobbling together a new set of allegations in this regard. Cisco may not present its § 102(g) defense to the jury.

2. **Mr. Roesch's proffered testimony (D.I. 329, ex. A).** Once again, the pending dispute revolves around the issue of adequate pre-trial disclosure. Mr. Roesch was disclosed as someone with knowledge regarding "[c]ertain Sourcefire products, including their development and marketing and Cisco's current IPS and security business." This description contrasts with two other fact witnesses, Messrs. Bedwell and Kasper, whose knowledge went to the "design, development, structure and operation" of certain "IPS and IDS products and services." Mr. Roesch was identified as a trial witness late in the proceedings, and he was deposed in that capacity. The question is whether it was reasonable at the time to assume that Mr. Roesch was going to be proffered as a **fact** witness who was going to be offering technical testimony that needed to be vetted during the deposition. If, e.g., Mr. Roesch was identified in Dr. Clark's expert report as a technical source of information (Dr. Clark's report issued in August 2015; Mr. Roesch's deposition was taken in September 2015), then it would be reasonable to have explored the bases of such information. To the best of my

2

knowledge, however, there was no such guidance in the record, certainly none volunteered by Cisco. The prejudice associated with the proffered testimony is compounded by the fact that Mr. Roesch has been sitting at counsel table as the corporate representative, unlike every other fact witness of this caliber. If I had known at the beginning of the trial that he was a technical witness, I would have sequestered him at least during Dr. Lee's testimony. For these reasons, Mr. Roesch may testify consistent with the first three paragraphs of the proffer; he may not testify about the fourth paragraph.

_____
United States District Judge