IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SRI INTERNATIONAL, INC., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 13-1534-RGA |
| CISCO SYSTEMS, INC., | : | |
| Defendant. | : | |

**MEMORANDUM**

The Court of Appeals for the Federal Circuit vacated and remanded this Court's "denial of Cisco's renewed motion for judgment as a matter of law that Cisco did not willfully infringe the asserted claim," and vacated and remanded the "awards of enhanced damages and attorneys' fees." *SRI Int'l, Inc. v. Cisco Systems, Inc.*, 930 F.3d 1295, 1312 (Fed. Cir. 2019) ("FCDec"). The Court of Appeals further held, "We leave it to the district court to decide in the first instance whether the jury's presumed finding of willful infringement after May 8, 2012 is supported by substantial evidence. In so doing, the court should bear in mind the standard for willful infringement, as well as the above analysis regarding SRI's evidence of willfulness." *Id.* at 1310 (footnote omitted).

The case is now assigned to me. Plaintiff moved (1) to amend the willfulness judgment and award enhanced damages, and (2) for attorney's fees. (D.I. 427, 428). The motions have been fully briefed, and they were orally argued on February 18, 2020.

The Court of Appeals made clear that the standard for willfulness that it wanted this Court to apply was whether "Cisco's conduct rose to the level of wanton, malicious, and bad-faith behavior required for willful infringement." FCDec at 1309.[1]

In the original briefing on the renewed motion for judgment as a matter of law that Cisco did not willfully infringe, SRI made exactly two points in support of the willfulness verdict. They were: (1) Cisco designed the products in an infringing manner and instructed its customers to use them in an infringing manner, and (2) Cisco did not analyze infringement and its "knowledgeable witnesses" did not read the SRI patents. (D.I. 370 at 27-28; *see also* D.I. 354 at 5-7 (to the same effect, and further noting that Cisco did not investigate the infringement allegations)). In this Court's opinion denying the renewed motion, the Court specifically agreed with SRI's arguments: "[K]ey Cisco employees did not read the patents-in-suit until their depositions. . . . Cisco designed the products and services in an infringing manner and . . . Cisco instructed its customers to use the products and services in an infringing manner." *SRI Int'l, Inc. v. Cisco Systems, Inc.*, 254 F.Supp.3d 680, 717 (D.Del. 2017) ("DelDec"). The Court of Appeals specifically rejected both bases for denying the renewed motion. FCDec at 1308-09. The Court noted that the "key witnesses" were engineers, not lawyers, and that "it was unremarkable that

---

[1] As a side note, the Court of Appeals is not entirely consistent in its use of adjectives to describe what is required for willfulness. For example, in *Eko Brands, LLC v. Adrian Rivera Maynez Enterprises, Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020), the Court of Appeals described what was required as being "no more than deliberate or intentional infringement." I note, as did SRI at oral argument, that indirect infringement, which was found in this case and is not now challenged, required the jury to find that Cisco "knew that its customer's acts (if taken) would constitute infringement of an asserted patent, or [that Cisco] believed there was a high probability that the acts (if taken) would constitute infringement of an asserted patent but deliberately avoided confirming that belief," *SRI Int'l, Inc. v. Cisco Systems, Inc.*, 254 F.Supp.3d 680, 701 (D.Del. 2017), or that "defendant knew that the accused product would be used in a manner infringing the patents-in-suit." *Id.* at 703. If the standard for willfulness is deliberate or intentional, it is hard to see how a finding of indirect infringement would not usually be enough for willfulness. For what it is worth, I think that when the Supreme Court stated, "The sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate," *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S.Ct. 1923, 1932 (2016), the Court did not purport to be approving the lowest common denominator—deliberate—as being sufficient for enhanced damages. "Deliberate," used in its ordinary sense, which I take to be "carefully thought out," is not a synonym for, nor akin to, the other adjectives used in that string.

the engineers—as opposed to Cisco's in-house counsel or outside counsel—did not analyze the patents-in-suit themselves." *Id.* at 1309. As to the other rationale, the Court of Appeals held that the evidence "is nothing more than proof that Cisco directly infringed and induced others to infringe the patents-in-suit." *Id.* SRI's briefing in the Court of Appeals apparently raised other evidence in support of the willfulness verdict, and the Court of Appeals rejected those other arguments. In doing so, the Court of Appeals noted, "Cisco's decision not to seek an advice-of-counsel defense is legally irrelevant under 35 U.S.C. § 298." *Id.* In the context of the opinion, I think this is a reference to SRI's argument that the "key engineers" did not look at the asserted patents until well into the litigation.

Thus, the reasons advanced by this Court for denying the renewed motion have all been rejected. The reasons advanced by SRI in the Court of Appeals were rejected. Has the post-remand briefing raised anything new?

I went back to SRI's closing argument. Here's what SRI argued to the jury about willfulness.

> All right. Last thing in the case-in-chief part here is willfulness. I'm just going to tell you what the legal standard is. Okay? This is the last issue on the verdict form, willfulness, and this is sort of what the flavor of infringement is.
> Did Cisco act recklessly? And it has to be proved by clear and convincing evidence. It's a high burden. We agree. Did they act recklessly by clear and convincing evidence? Two-part test.
> Number one, did they act despite a high likelihood that their actions infringed a valid and enforceable patent? And, second, did they know, or should they have known that their actions put them in an unjustifiably high risk? That's a test.
> And the evidence happily we already looked at in the context of inducement, so I don't have to run through it again. The notice letter, and then the testimony of Mr. Roesch, it's all the same content. Testimony of Mr. Kasper. Okay? And it is very similar conceptually to that mental state requirement for inducement, and we think it satisfies the standard for willfulness. That's up to you. Okay?

(D.I. 400 at 46-47).

I went back to the jury instruction on willfulness given at trial. The jury was instructed:

> Willfulness requires you to determine that defendant acted recklessly. To prove that defendant acted recklessly, plaintiff must prove two things by clear and convincing evidence.
> The first part of the testimony is objective: Plaintiff must persuade you that defendant acted despite a high likelihood that defendant's actions infringed a valid and enforceable patent. In making this determination, you may not consider defendant's state of mind. Legitimate or credible defenses to infringement, even if not ultimately successful, demonstrate a lack of recklessness.
> Only if you conclude that the defendant's conduct was reckless do you need to consider the second part of the test. The second part of the test does depend on defendant's state of mind. Plaintiff must persuade you that defendant actually knew or should have known that its actions constituted an unjustifiably high risk of infringement of a valid and enforceable patent. To determine whether defendant had this state of mind, consider all facts which may include, but are not limited, to:
> One, whether or not defendant acted in accordance with the standards of commerce for its industry.
> Two, whether or not defendant intentionally copied a product of plaintiff's that is covered by the patents-in-suit.
> Three, whether or not there is a reasonable basis to believe that defendant did not infringe or had a reasonable defense to infringement.
> Four, whether or not defendant made a good-faith effort to avoid infringing the patents-in-suit, for example, whether defendant attempted to design around the patents-in-suit.
> And, five, whether or not defendant tried to cover up its infringement.
> Ultimately, you must decide if defendant was reckless in the infringement of the patents-in-suit under the totality of the circumstances.

(D.I. 400 at 115-16). At oral argument, counsel for SRI conceded that there was no evidence to support factors 1 and 2, and essentially conceded that there was no "cover up" and therefore no evidence to support factor 5. On factor 2, the evidence actually supported Cisco, as the products at issue were "independently developed" and sold years before Cisco learned of SRI's asserted patents. FCDec at 1309.

The third factor is key from SRI's point of view. Was there "a reasonable basis to believe that [Cisco] did not infringe or had a reasonable defense to infringement"? Essentially,

SRI's argument on this point is that the jury had sufficient evidence to find Cisco infringed and the asserted claims were not invalid, and the jury could have further found that the issues were not close.[2]

In my opinion, there is some evidence that my predecessor on this case believed that Cisco's infringement defenses were reasonable.[3] First, in real time, the Court said so. ("Cisco has a good case in connection with infringement, and a much poorer case when it comes to invalidity." (D.I. 399 at 234)). The Court followed that up with, "[I]n my world, this case in terms of infringement has been like virtually every other case. There's nothing remarkable about this case when it comes to infringement." (*Id.* at 236). Second, in the opinion on the renewed motion, the Court refused to disturb any of the infringement verdicts, but its opinion on that aspect of the motion was measured, and, essentially, found that SRI had offered sufficient expert testimony on each disputed point (sometimes in conjunction with fact witness testimony) and that the jury's credibility decisions would therefore not be disturbed. *See* DelDec at 691-709. That portion of the opinion is in stark contrast to much of the rest of the opinion, which lambastes Cisco's conduct of the litigation. Nevertheless, the lambasting included criticism of Cisco's "single [non-infringement] defense" for each of the "two representative product groupings," that is, that the defense for the first grouping relied on a defense contrary to the claim construction, and that the defense for the second grouping was against a significant quantity of evidence to the contrary. DelDec at 722.

---

[2] I imagine that one logical consequence of this argument, if it is accepted, would be that almost every jury case in which the alleged infringement continues after the infringement suit was filed would require submission of willfulness to the jury.

[3] And, although not relevant to this analysis, Cisco's damages defense at trial succeeded in obtaining a 3 ½% royalty rate rather than SRI's requested 7 ½% royalty rate, suggesting that Cisco's damages defense was at least as reasonable as SRI's case for damages.

In its current briefing, SRI makes three arguments. First, it paints Cisco's trial defenses to infringement as being frivolous.[4] (D.I. 427 at 5-8). The parties dispute this point.[5] (D.I. 433 at 10-13; D.I. 438 at 2-6). Part of the willfulness charge instructed the jury to consider whether there was a reasonable basis to believe that defendant did not infringe. Given that the jury was the finder of fact, the jury could have answered the question negatively depending upon its evaluation of credibility and the evidence. I have to presume that it did.[6] In other words, if the jury found Cisco's experts not credible, and the evidence presented at trial undercut Cisco's positions, then the jury could also find Cisco's defenses not reasonable.

Second, SRI reprises its emphasis on the testimony of the "key engineers." (D.I. 427 at 8-12). One of them was a vice president and Cisco's corporate representative at trial. The other was a senior engineer most knowledgeable about at least one of the accused products, but he was "[kept] in the dark" about the patents-in-suit. (D.I. 427 at 10). In my opinion, SRI's argument on the engineers is simply an unsuccessful attempt to reargue what has already been foreclosed by the Court of Appeals' opinion.

Third, SRI's final argument is, "Cisco presented no evidence from either 'in-house counsel or outside counsel' – nor any fact witness [who] allegedly relied on such counsel – to provide any good faith rationale for Cisco's continued infringement after May 8, 2012." (D.I. 427 at 12). This argument seems to fly in the face of both the Court of Appeals' opinion and the statute cited in that opinion. "The failure of an infringer to obtain the advice of counsel with respect to any allegedly infringed patent, or the failure of the infringer to present such advice to

---

[4] It is true that this Court used the word "frivolous" in its opinion denying the renewed motion, but that was not in connection with the defenses presented at trial. *See* DelDec at 723 & n.57.

[5] As Cisco points out, SRI had the opportunity to raise this argument before, in briefing before this Court and the Court of Appeals, and it did not. Nor did SRI argue it to the jury in closing argument.

[6] The remand to this Court was limited in nature. Were it broader, I would have to give serious consideration to whether granting a new trial on willfulness was appropriate, given that, so far as I am aware, all of SRI's actual arguments to the jury were based on considerations that have been rejected by the Court of Appeals.

the court or jury, may not be used to prove that the accused infringer willfully infringed the patent . . . ." 35 U.S.C. §298.

Thus, while two of the three current arguments are meritless, I believe that SRI has a basis for arguing that the third factor was proven by Cisco's lack of reasonable defenses at trial. Nothing in the briefing really addresses the fourth factor, other than to acknowledge the obvious, which is that Cisco did not do any design-around before trial. *See* DelDec at 723 (referring only to "post-trial remedial actions").

In my opinion, although the willfulness verdict had arguable support from factors 3 and 4, the absence of support from factors 1 and 5, and the opposing weight of factor 2, tells me that, viewed in totality, there was not substantial evidence to support the verdict of willful infringement. There is no substantial evidence that Cisco's infringement was "wanton, malicious, and bad-faith." Thus, I will deny the motion to amend the willfulness judgment and award enhanced damages.

On the motion for attorney's fees, Cisco does not challenge the determination that the case was exceptional. (D.I. 432 at 7). Cisco does argue that the approximately $8,000,000 in attorney's fees and expenses, *see* DelDec at 723 n.58, should be revisited if the willfulness verdict is not reinstated.

In its briefing and at oral argument, Cisco cited *In re Rembrandt Techs LP Patent Lit.*, 899 F.3d 1254 (Fed. Cir. 2018), for the proposition that an award of attorney's fees under §285 is "compensatory, not punitive," *id.* at 1278, that "the amount of the award must bear some relation to the extent of the misconduct," *id.*, and that exceptionality "based on litigation misconduct usually does not support a full award of attorneys' fees." *Id.* (cleaned up).

The award of attorney's fees was vacated by the Court of Appeals. The willfulness underpinning to the attorney's fees award has been removed by me. Nevertheless, it seems to me that, other than as instructed by the Court of Appeals,[7] there is no reason to change the amount of fees awarded. This Court's opinion makes clear that it was not only the unreasonable manner in which the case was litigated, but also the lack of substantive strength that informed the decision to award attorney's fees for the whole case, not just individual acts of unreasonable litigation. Nothing in that regard has changed. In essence, this Court's opinion stated that Cisco's case lacked substantive strength, as its trial defenses were weak, "all of [its summary judgment defenses] were denied," and "every line of defense post-trial. . . has been denied." DelDec at 722-23. Cisco had a weak case that it over-aggressively defended. Thus, this Court's original exceptional case determination and award of attorney's fees was compliant with *Rembrandt*. I see no reason to come to a different conclusion after subtracting out the willfulness finding.

As the Court of Appeals explained in *Rembrandt*, "an award of all of a party's fees, from either the start or some midpoint of a suit, may be justified in some exceptional cases. But, critically, the amount of the award must bear some relation to the extent of the misconduct." 899 F.3d at 1279 (cleaned up). I find that this case is such an "exceptional" case and that a full award of attorneys' fees is justified here. It would be impossible to isolate the improper conduct and award partial fees because the problem is that Cisco's entire case was weak, yet it pursued the case aggressively and in an unreasonable manner anyway. Thus, a full award of fees and expenses is related "to the extent of the misconduct" in this case.

---

[7] The Court of Appeals instructed that "attorney hours clearly included by mistake" should be removed from the attorney's fees calculation. FCDec at 1311. The parties are ordered to meet and to confer and to remove any such entries.

The motion to amend the willfulness judgment (D.I. 427) is **DENIED**. The motion for attorney's fees and expenses (D.I. 428) is **GRANTED**.

The parties are directed to meet and to confer and to submit an agreed-upon final judgment implementing this memorandum within two weeks. If the parties cannot agree on such a final judgment, the parties should submit a status report describing any disagreements and a proposal for any procedure to resolve them.

IT IS SO ORDERED this 18th day of March, 2020.

/s/ Richard G. Andrews
United States District Judge