## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SRI INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> CISCO SYSTEMS, INC., <br><br> Defendant. | Civil Action No. 13-1534-RGA |

## MEMORANDUM ORDER

On May 25, 2017, this Court entered judgment in this matter following a trial in which the jury found Cisco willfully infringed SRI's patents. (D.I. 417; *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 254 F. Supp.3d 680 (D. Del. 2017) ("*SRI I*")). At that time, this Court denied Cisco's motion for JMOL of no willful infringement, finding, "substantial evidence supports the jury's subjective willfulness verdict," and granted SRI's motion for attorneys' fees and enhanced damages. *SRI I*, 254 F. Supp.3d at 717, 723-24. Cisco appealed the judgment. On June 12, 2017, in anticipation of that appeal, the parties jointly stipulated,

> Cisco has agreed that, in the event that any portion of the damages or other monetary awards included in the judgment in this case is affirmed by the Federal Circuit, Cisco will pay the amount affirmed, if any, to SRI, as well as any corresponding post-judgment interest at a rate of 1.10% per annum compounded annually (pursuant to 28 U.S.C. § 1961), within 30 days of the Federal Circuit's mandate.

(D.I. 421).

On March 20, 2019, the Federal Circuit vacated this Court's denial of Cisco's motion for JMOL of no willful infringement, holding that the jury's finding of willfulness prior to May 8,

1

2012 was not supported by substantial evidence. The Court of Appeals remanded the case "to decide in the first instance whether the jury's presumed finding of willful infringement after May 8, 2012 is supported by substantial evidence." *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1309-10 (Fed. Cir. 2019) ("*SRI II*"), *cert. den.*, 140 S.Ct. 1108 (2020). The Court of Appeals did not reach "the propriety of the district court's award of enhanced damages," instead choosing to "vacate the award of enhanced damages and remand for further consideration along with willfulness." *Id.* at 1310. The Court of Appeals also vacated the attorneys' fees award, for two reasons. The willfulness determination was a factor in the determination to award them, and the district court had included one billing entry "clearly included by mistake." *Id.* at 1311. In connection with willfulness, the Court of Appeals directed the District Court to consider whether "Cisco's conduct rose to the level of wanton, malicious, and bad-faith behavior required for willful infringement." *Id.* at 1309-10. On September 18, 2019, Cisco paid SRI the portions of the 2017 judgment that the Federal Circuit had affirmed in *SRI II*, plus interest calculated at 1.10% pursuant to the 2017 stipulation, about $25,000,000. (*See* D.I. 467-1 Ex. 1 at 1; Ex. 2).

On remand, on March 18, 2020, this Court found, "There is no substantial evidence that Cisco's infringement was 'wanton, malicious, and bad-faith,'" and therefore denied SRI's motion to amend the willfulness judgment and to award enhanced damages. *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 2020 WL 1285915, at *4 (D. Del. 2020) ("*SRI III*"). In the same opinion, this Court nevertheless found the case was "such an 'exceptional' case . . . that a full award of attorneys' fees is justified," and granted SRI's motion for attorneys' fees and expenses. *Id.* at *5. Final judgment issued on April 1, 2020. (D.I. 451). It awarded $8,038,848.25 in attorneys' fees and costs (about

2

$3,000 less than in the 2017 judgment). Both parties appealed. On April 9, 2020, in anticipation of this second appeal, the parties jointly stipulated,

> Cisco agrees that, in the event that any portion of the award of attorneys' fees and costs included in [the April 1, 2020] judgment is affirmed by the Federal Circuit, Cisco will pay the amount affirmed, if any, to SRI, as well as any corresponding post-judgment interest at a rate of 0.17% per annum compounded annually (pursuant to 28 U.S.C. § 1961), within 30 days of the Federal Circuit's mandate.

(D.I. 457).

On September 28, 2021, the Federal Circuit affirmed the grant of attorneys' fees, reversed the JMOL of no willful infringement, reinstated the jury's finding of willfulness, and reinstated the original award of enhanced damages. The Court held that substantial evidence supported the finding of willful infringement, because "the jury's unchallenged findings on induced infringement, when combined with Cisco's lack of reasonable bases for its infringement and invalidity defenses, provide sufficient support for the jury's finding of willful infringement for the period after May 8, 2012, when Cisco had notice of the patent." *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1329-30 (Fed. Cir. 2021) ("*SRI IV*"), *pet. for cert. pending*, No. 21-1267 (Mar. 18, 2022). The Court clarified, in keeping with this Court's analysis in *SRI I*, that the "proper" test for willfulness does not require a finding of "wanton, malicious, and bad-faith behavior," but merely "requires a jury to find no more than deliberate or intentional infringement." *Id.* at 1330. The Court of Appeals explained, "Because we reinstate the jury's willfulness verdict, we likewise restore the district court's award of double damages in *SRI I*." *Id.* at 1331.

The Federal Circuit's mandate in accordance with its judgment issued on January 11, 2022. (D.I. 462). On February 10, 2022, Cisco paid the attorneys' fees and costs ($8,038,848.25) with post-judgment interest ($25,478.70) calculated at 0.17% per annum, accruing from the date of this

Court's April 1, 2020 judgment, per the 2020 Stipulation, and the enhanced damages ($23,660,000), with post-judgment interest ($6,999.00) calculated at the then-applicable statutory rate of 0.08% per annum, accruing from the date of the Federal Circuit's September 28, 2021 decision. (D.I. 466 at 4; D.I. 465-5 at 2).

The present dispute is how the post-judgment interest on the enhanced damages[1] should be calculated. SRI argues Cisco should have paid interest dating back to the District Court's original final judgment on May 25, 2017, at the rate of 1.10% per annum, as specified in the parties' 2017 joint stipulation. SRI moves to enforce payment of post-judgment interest in accordance with the parties' 2017 Stipulation. (D.I. 463). I have considered the parties' briefing. (D.I. 464, 466, 468).

SRI argues the 2017 Stipulation governs Cisco's obligation to pay interest from the date of the *SRI I* judgment, at the 1.10% rate specified in the 2017 stipulation. (D.I. 464 at 3). SRI further argues that, even absent the stipulation, the case law requires the same conclusion, because "the purpose of post-judgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between ascertainment of the damage and the payment by the defendant," and, "interest accrues from the original judgment unless it is 'completely reversed.'" (*Id.* at 4 (quoting *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835-36 (1990)) (cleaned up)).

Cisco responds that the 2017 Stipulation does not apply, because "[t]he award of enhanced damages in the 2017 Judgment was not affirmed in Cisco's appeal; it was vacated and remanded."

---

[1] The parties do not dispute that the post-judgment interest on the attorneys' fees award was properly calculated pursuant to the second stipulation. (*See* D.I. 466 at 4 n.4).

4

(D.I. 466 at 5). Cisco argues that the parties' second stipulation with respect to the appeal of *SRI III* confirms the parties did not intend for the 2017 Stipulation to apply beyond the initial appeal of *SRI I*. (*Id.* at 7). Cisco argues that both parties agree the first stipulation applied to both enhanced damages and attorneys' fees, and therefore "the only reasonable explanation" for SRI's decision to enter into a new stipulation with respect to attorneys' fees in April 2020 at a lower interest rate is that both parties understood the first stipulation no longer applied. (*Id.* at 7-8). Finally, Cisco argues the law does not support application of the 2017 interest rate, because the legal basis for the judgment "change[d] after appeal." (*Id.* at 8 (quoting *Addie v. Kjaer*, 836 F.3d 251, 259 (3d Cir. 2016))).

The 2017 Stipulation states that Cisco will pay post-judgment interest at a rate of 1.10% "in the event that any portion of the damages or other monetary awards included in the judgment in this case is affirmed by the Federal Circuit." (D.I. 421). The 2020 Stipulation, on the other hand, does not address the interest rate in connection with enhanced damages. (D.I. 457 ("[I]n the event that any portion of the award of attorneys' fees and costs included in that judgment is affirmed by the Federal Circuit . . .")). At the time, there was nothing to address, since I had decided that there was no willfulness and thus no basis to award enhanced damages. Plainly, the 2020 Stipulation decided nothing about the interest rate that would accompany an award of enhanced damages. Thus, the 2020 Stipulation offers no support to Cisco for the proposition that the parties had agreed, and the Court had decided, that the interest rate should be 0.17%.

SRI's argument that the 1.10% rate set in the 2017 Stipulation necessarily still applies is not compelling either, because the 2017 Stipulation literally requires that Cisco "pay the amount affirmed" by the Federal Circuit, and while the ultimate result was substantially equivalent to an

5

affirmance, in neither appeal did the Federal Circuit "affirm" the 2017 Judgment. Rather, in the first appeal the Court "vacated" it and in the second the Court "reinstated" it. *SRI II*, 930 F.3d at 1312; *SRI IV*, 14 F.4th at 1332. Thus, the only thing about the two Stipulations that is clear to me is that they do not help Cisco.

Assuming, without deciding, that the Stipulations do not mandate a result in favor of SRI, I nevertheless conclude that SRI has the better of the argument under controlling law. The Court of Appeals for the Third Circuit has addressed the issue before.[2] In *Addie v. Kjaer*, 836 F.3d 251 (3d Cir. 2016), the Court resolved an issue of Virgin Islands law by analogy to the federal post-judgment interest statute. The Court explained, "Whether postjudgment interest should run from the date of the original judgment following the jury verdict or the post-remand judgment 'turns on the degree to which the original judgment was upheld or invalidated on appeal.' " *Id.* at 258 (citing *Loughman v. Consol-Pa. Coal Co.*, 6 F.3d 88, 97 (3d Cir. 1993) (interpreting the federal post-judgment interest statute, 28 U.S.C. § 1961)). "The application of this standard is fact specific," and where the Court of Appeals "orders the original judgment reinstated in its entirety, post-judgment interest will accrue from the date of the first judgment." *Id.* at 258-59. "Distilled to its essence, the inquiry is when liability and damages, as finally determined, were ascertained or established." *Id.* at 259. "When the legal basis for the judgment changes after appeal, post-judgment interest properly begins from the time of the judgment after remand." *Id.* (cleaned up).

---

[2] SRI relies in part on *Transmatic, Inc. v. Gulton Indus., Inc.*, a Federal Circuit opinion, as authority for when post-judgment interest should begin. 180 F.3d 1343 (Fed. Cir. 1999). The Court in *Transmatic* makes clear, however, that because "determining the correct dividing line for calculating pre- and post-judgment interest" is not "a subject unique to patent law," such a determination is governed by regional circuit law. *Id.* at 1347-48.

In *Addie*, the Court declined to award damages dating back to the original judgment because "[a]lthough the amount of [plaintiff's] recovery ultimately was the same in the [first and second] judgments, the nature and legal basis for the judgments changed." *Id.* In the second judgment, on remand, the district court granted the plaintiff recovery on his unjust enrichment claim, whereas the jury was not allowed to consider the plaintiff's unjust enrichment claim in determining the damages award for the first judgment. On those facts, the Court of Appeals found, "The final determination of liability and damages was not ascertained or established until [the second judgment], and the district court correctly determined that this was the date from which postjudgment interest accrues." *Id.*

While *Addie* is the most recent Third Circuit case interpreting 28 U.S.C. § 1961, the more factually analogous case here is *Loughman v. Consol–Pa. Coal Co.*, 6 F.3d 88 (3d Cir. 1993). There, in brief, the jury found defendants liable for fraudulent conspiracy, fraud, legal malpractice, and RICO violations, and awarded compensatory and punitive damages. *Id.* at 93. The district court then dismissed the legal malpractice claim, vacated the RICO judgment, holding it was insufficient as a matter of law, and ordered a new trial on damages. *Id.* The jury awarded a new damages award that was subsequently reversed on appeal, where the Court of Appeals held, (1) the district court had abused its discretion in ordering the new trial on damages, (2) the first award of punitive damages was supported by the record, (3) the legal malpractice verdict should be reinstated, and (4) the district court properly found the RICO claims insufficient as a matter of law. *Id.*

Ultimately, the Court of Appeals in *Loughman* found that post-judgment interest should be calculated from the date of the first judgment, explaining, "all the defendants accomplished in the first appeal was the elimination of the RICO claims," and, although this "eliminate[d] one ground

7

of liability," "[i]t did not affect the plaintiffs' ultimate right to recovery, nor the amount of that recovery, since the other bases for liability and compensatory damages, which were reinstated on remand, were reflected in the first judgments." *Id.* at 99.

Here, it is even more clear that liability and damages, as finally determined, were first ascertained or established in the original judgment. Neither the amount ($23,660,000) nor the legal basis for awarding enhanced damages changed from the initial judgment in *SRI I* to the final judgment. (D.I. 416; D.I. 465-5). Cisco's argument that the legal basis for the award changed because "[w]hen the Federal Circuit reversed this Court's remand determination of no willfulness, it justified the willfulness verdict on different grounds [than the district court in *SRI I*]" is unavailing. (D.I. 466 at 8-9). In *SRI IV*, the Court of Appeals expressly "reinstate[d] the jury's finding of willfulness, and reinstate[d] the award of enhanced damages." 14 F.4th 1332. That the Court of Appeals in *SRI IV* relied on a slightly different combination of evidence than the district court in *SRI I* in determining the willfulness verdict was supported by substantial evidence does not mean the "legal basis" for the judgment changed. The "legal basis" for the enhanced damages award in both *SRI I* and *SRI IV* was a conclusion that the jury's finding of willfulness was supported by substantial evidence. That is more than sufficient to show "the essential liability and damage elements" of the final judgment were fully "ascertained" in the initial judgment. *Loughman*, 6 F.3d at 94.

For these reasons, SRI's motion to enforce order on payment of post-judgment interest (D.I. 463) is **GRANTED**.

8

The parties should jointly submit a proposed final order with post-judgment interest to run from the date of the 2017 Judgment, at the then-applicable statutory rate. *See* 28 U.S.C. § 1961(a)-(b).

IT IS SO ORDERED.

Entered this 13 day of May, 2022.

*/s/ Richard G. Andrews*
United States District Judge